(No. 1693, December 4, 1914)

W. D. McBEE, Appellant, vs. PAT O'CONNELL, et al., Appellees.

## SYLLABUS BY THE COURT.

1. Upon a second or subsequent appeal, nothing will be considered, except the proceedings occuring after remand, the former decision being the law of the case, whether right or wrong, so that a question which could have been considered on the former appeal will not be considered on the subsequent appeal.

P. 569

2. A person who purchases an estate in the possession of another than his vendor is in equity, that is, in good faith, bound to inquire of such possessor what right he has in the estate. If he fails to make such inquiry, which ordinary good faith requires of him, equity charges him with notice of all the facts that such inquiry would disclose.

P. 570

3. The possession of the tenant is sufficient to put an intending purchaser from a third person upon inquiry as to the landlord's rights, and to charge him with constructive notice thereof if he fails to make such inquiry.

P. 571

4. An exception to the rules stated should be made where the subsequent purchaser shows that he pursued an inquiry, with proper diligence, and failed to obtain the knowledge of

the unrecorded instrument, or of the right of the parties. claiming under it .

P. 571

·Appeal from District Court, Curry County; Granville A. Richardson, Presiding Judge. Reversed and Remanded.

H. D. TERRELL and W. A. HAVENER, for Appellant.

Rule general, if not universal, that open, notorious, exclusive and unequivocal possession of land under parol or unrecorded contract for purchase thereof, or under unrecorded bond for title is constructive notice to subsequent purchasers or incumbrancers thereof, and to every one, of the possessor's interest therein, and of character and extent of his claim, 19 Ala. 481; 66 Ala. 292; 120 Ala. 112; 16 Ark. 340; 17 Fla. 876; 103 Ga. 159; 118 Ill. 354; 174 Ill. 371; 199 Ill. 458; 30 Ind. App. 549; 77 Ia. 37; 41 N. W. 478; 21 S. W. 99; 106 Mich. 257; 109 N. W. 260; 50·Miss. 278; 51 Miss. 795; 41 N. W. 143; 41 N. W. 1068; 38 Atl. 809; 13 N. Y. 180; 61 N. Y. 88; 27 N. E. 863; 105 Pa. 451; 21 Atl. 360; 62 Tex. 481; 14 S. W. 995; 18 Vt. 220; 21 S. E. 813; 60 S. E. 251; 21 N. W. 413; 1 Neb. 134; 19 Ala. 481; 17 Fla. 876; 21 Fed. 894; 68 Ala. 248; 75 Ala. 225; 26 Cal. 393; 22 Ill. 254; 87 N. W. 742; 30 N. E. 549; 90 N. W. 519; 33 Kan. 410; 32 Me. 287; 46 N. W. 81; 62 Miss. 281; 18 N. W. 60; 29 N. J. 141; 71 N. C. 177; 73 Pac. 1; 25 Atl. 608; 15 S. W. 580; 25 Wis. 71; 82 S. W. 459; 22 Ill. 610; 134 N. Y. 31; 34 So. 991; 16 Ark. 543; 32 Me. 143; 82 Mo. App. 96; 12 Cal. 363; 93. Pac. 894.

GEORGE L. REESE, for Appellee.

Court did not err in peremptorily instructing jury that there was no sufficient evidence in case to charge defendants with knowledge or notice of interest of plaintiff in property in question. 13 N. M. 31; 85 Pac. 1038; 17 Pac. 730; 120 Pac. 735; 9 N. M. 217; 120 Pac. 304; 45 Ind. 493; 10 N. M. 257; 20 Cal. 45; 184 U. S. 572; 3 Cyc. 395;.

Secs. 3955, 3960, C. L. 1897; 200 U. S. 321; 86 Pac. 264; 130 Ill. 128; 51 Miss. 146; 21 Blatchf. 479; 64 N. Y. 76; 39 Cyc. 1752; 21 Mo. 313; 5 Mo. App. 64; 7 Mo. App. 556; 3 Allen 487; 162 Mass. 473; 9 Gray 306; 29 Me. 140; 51 Me. 528; 86 Mass. 406; 25 Mo. 318; 13 Cal. 510; 486 Fed. Cas. 4; 113 Mass. 72.

### REPLY BRIEF OF APPELLANT.

Good faith. 39 Cyc. 1758, 1770, 1688; Secs. 3955, 3960, C. L.; 20 Wend. 17, 19; 73 Pac. 1.

Evidence. 38 Cyc. 1578; 6 Pac. 598; 73 Pac., p. 3; 24 Cyc. 934, 936.

### STATEMENT OF THE FACTS.

This is an action in ejection in which the plaintiff seeks to recover from the defendants possession of Lot 5 in Block 20, in Clovis, Curry county, New Mexico, together with damage for its detention. Plaintiff's claim to ownership of the said lot is based on an executory contract of sale, entered into between the Santa Fe Land & Improvement Company and one J. M. Ray, on June 27, 1907, which contract was subsequently assigned by said Ray to the plaintiff on October 3rd, 1907. On October 30, 1907, the said Ray receipted to plaintiff for an amount stated to be in full payment of his entire interest in the lot in question and house thereupon erected, and thereafter, or some time during the month of October, the plaintiff entered into possession of the said lot and improvements thereupon, and through an agent, one J. S. Fitzhugh, secured a tenant for the property, who entered into the possession thereof, and continued in possession of the same until the defendants entered upon the property taking possession thereof as purchasers, on the 9th day of March, 1908, from the said J. M. Ray, for a valuable consideration, of the above described lot and its improvements, and claiming by their answer in this cause to be without knowledge of any interest, equity, right or title of the plaintiff in or to the said property, conveyance being made to the defendant, Annie L. O'Connell, herein designated as Mrs. Pat. O'Connell, who was joined with her husband in this action as parties defendant.

The tenant, one Leeper, continued in possession of the premises up to the time that the agent, Fitzhugh, learned that the defendants were claiming the property, which is fixed as about the fall of 1908, and it is uncontroverted that the defendant, Pat O'Connell, occupied a part of the house situate upon the lot in question as a sub-tenant of Mr. Leeper, during a portion of the time that Leeper remained in possession of the property as the tenant of the plaintiff.

The assignment from Ray to plaintiff of his contract with the land company was acknowledged before a notary public of Roosevelt County, the assignment being written upon the same sheet of paper containing said contract, and was filed for record in the office of probate clerk of Roosevelt county on December 7th, 1907, and duly recorded by such clerk.

A former trial of this cause resulted in a verdict for the plaintiff, appellant here, and said cause having been appealed to the Territorial Supreme Court, being reported as McBee vs. O'Connell, 16, N. M. 469, 120 Pac. 734, the Territorial Supreme Court reversed and remanded the cause upon the principal ground that the acknowledgment of the assignment on the back of the executory contract for the sale of the real estate in question, to which the assignment refers for particulars and description, was not under the circumstances an acknowledgment of the contract itself, and although the contract was copied in the land records by the proper recording officer, that did not make it of record and thereby constructive notice to a subsequent purchaser, having no actual knowledge of it. After some slight amendments in the answer and reply, the case was again tried by the district court of Curry county of September, 1913, before a jury, and at the conclusion of the testimony of the plaintiff the defendants moved for a directed verdict upon the ground that there was no evidence in the case to show that the defendants or either of them had actual knowledge of plaintiff's claim under his assignment from said Ray, and because the plaintiff's evidence of title was not constructive notice under the laws of New Mexico, and the purchaser did not have actual knowl-

edge of the instrument, and other grounds not necessary to refer to.

The motion was granted by the trial court, upon the theory that the decision of the Territorial Supreme Court in the first appeal of this cause was the law of the case, and controlling upon the trial court. To which action of the trial court the plaintiff saved his exception, and, after his motion for a new trial had been overruled, sued out this appeal.

## OPINION.

HANNA, J.—There are seven assignments of error, which present but two points for our consideration, the first being that:

"The court erred in granting the motion of defendants to strike from plaintiff's amended reply the following allegation to-wit: 'And had said contract and assignment made a matter of record in the office of the probate clerk and ex-officio recorder of Roosevelt county, New Mexico, which made same notice to all persons of plaintiff's equity and right in and to said property.' "

The first, second, fifth and sixth assignments of error have to do with the first proposition contended for by the appellant and is to be briefly disposed of by us upon the ground that the question involved was presented by the first appeal to the Territorial Supreme Court, and has become the law of the case so far as we are now concerned.

As was held in a late opinion of the Territorial Supreme Court, in the case of Davisson vs. Citizen's Nat'l Bank, 16 N. M. 689, 120 Pac. 304:

"Upon a second or subsequent appeal, nothing will be considered except the proceedings occurring after remand, the former decision being the law of the case, whether right or wrong, so that a question which could have been considered on the former appeal will not be considered on the subsequent appeal."

The second point requiring our consideration is raised by the third, fourth and seventh assignments of error, which are as follows:

"(3) The court erred in refusing to permit plaintiff to introduce evidence showing that defendant ·had constructive notice of plaintiff's right, title and interest in and to said property. ,

(4) The court erred in instructing the jury 'that there is not sufficient evidence in the case to charge the defendants or either of them, with knowledge or notice of the interest of the plaintiff under the assignment from J. M. Ray, to him of the property in question, and for that reason· under the direction of the court you will find the issues in favor of the defendants.' .

(7) The court erred in taking from the jury the fact of possession˙ of the property by plaintiff through his tenant 'Leeper' and his agent 'Fitzhugh'. Thus holding in effect, that the possession of the property by plaintiff through his tenant 'Leeper' and his agent 'Fitzhugh' at the time defendants claim to have purchased the property from J. M. Ray, was not notice to defendants of plaintiff's interest in˙ the property, and the court further erred in taking this fact and evidence from the jury."

The proposition of law involved is briefly whether the occupancy and possession of plaintiff's tenant was such as ˙ would put the defendants upon notice of plaintiff's rights, or be such constructive notice of those rights as will negative defendants' claim of good faith as a bona fide purchaser. This particular point has received the attention of numerous courts and there is a great preponderance of authority in favor of appellant's position upon the question, although the authorities are not uniform on the question.

It is, of course, to be conceded, in the existing status of this case, that unless the defendants were put upon inquiry as to plaintiff's title and right to possession by the occupancy of the tenant the defendants must prevail and the judgment of the trial court be affirmed.

One of the best considered cases to which our attention is directed is ·that of Randall et al., vs. Lingwall (Ore.) 73 Pac. 1. The Supreme Court of Oregon following the rule as stated by Mr. Justice Cole in Dickey vs. Lyon, 19 Iowa 544, held that:

"A person who purchases an estate in the possession of another than his vendor is in equity, that is, in good faith, bound to inquire of such possessor what right he has in the estate. If he fails to make such inquiry, which ordinary good faith requires of him, equity charges him with notice of all the facts that such inquiry would disclose."

The Oregon court further held that the possession of the tenant is sufficient to put an intending purchaser from a third person upon inquiry as to the landlord's rights, and to charge him with constructive notice thereof if he fails to make such inquiry.

We believe these conclusions receive the sanction of the great weight of American authority and therefore adopt the rule contended for by appellant. The Oregon case collects and considers numerous authorities which we have considered but do not cite in support of this opinion. Other later cases to the same effect are the following: Penrose vs. Cooper, 86 Kan. 597, 121 Pac. 1103; Wood vs. Price, 81 Atl. 983; Brady vs. Sloman, 120 N. W. 795; see also, Pomeroy's Equity Juris. Sec. 625.

An exception to the rule stated should be made where the subsequent purchaser shows that he pursued an inquiry, with proper diligence, and failed to obtain the knowledge of the unrecorded instrument, or of the right of the parties claiming under it. Penrose vs. Cooper, 121 Pac. 1103.

We do not overlook the fact that appellee contends that the second proposition as to constructive notice by possession and occupancy of tenant, was disposed of by the first appeal, but we do not consider this to be true. The appellee here was the appellant in the former appeal and did not raise the question and it was not incumbent upon the appellee in the former case to there raise the point now raised upon this appeal by him.

As pointed out in this opinion, the former appeal in this case turned upon the record title of the appellant on the appeal, he having prevailed upon that issue in the trial court, but suffered a reversal in the Supreme Court because of a defective acknowledgment. Upon the retrial of the case he relied upon a contention that the possession

Turknett v. Western College, 19 N. M. 572

of his tenant was constructive notice to a subsequent pur-chaser of his rights in the premises, and this issue is presented to the appellate court for the first time and was not involved in the first appeal.

The judgment of the district court is reversed and the cause remanded, and, IT IS SO ORDERED.