[No. 3180.   Feb. 9, 1929.]

WELLS v. DICE et al.

[275 Pac. 90.]

Douglas K. Fitzhugh, of Clovis, for appellant.

C. M. Compton, Jr., of Portales, for appellees.

OPINION OF THE COURT

WATSON, J.   This is a suit by the trustee in bankruptcy of G. P. Kuykendall to recover from the receiver of the Security State Bank of Portales what is alleged to have been a preference under section 60b of the National Bankruptcy Act (11 USCA § 96).   The relief was denied, and the trustee has appealed.

The main facts upon which the judgment was based were found substantially as follows:   Kuykendall gave his note to the bank in December, 1920, for $5,548, and,

to secure it, gave a mortgage upon his residence in Clovis, in the execution of which he was joined by his wife. It was understood at the time between Kuykendall and the officials of the bank that the mortgage was not to be recorded, but that the bank was at liberty to record it if it desired. Thereafter, with the consent of the bank, Kuykendall secured a loan of $3,500 by giving a mortgage upon the same property to one Sulier. $3,000 of the money derived from this source was paid to the bank and credited upon Kuykendall's indebtedness, which left the principal of the indebtedness, after payment of the accrued interest, at the sum of $3,128, for which sum Kuykendall gave the bank a new note, dated December 10, 1922; it being agreed at the time that the mortgage previously given should stand as security for the last-mentioned note. On March 1, 1924, Kuykendall, with the consent of the bank, conveyed the residence to defendant Dice for $5,600, Dice assuming payment of the Sulier mortgage and himself executing a mortgage to the bank to secure his several notes aggregating $1,500, the remainder of the consideration being paid to Kuykendall, the Dice notes for $1,500 being credited upon Kuykendall's note of December 10, 1922. Kuykendall was insolvent at all times subsequent to January 8, 1924, and was adjudged a voluntary bankrupt April 7, 1924. As to whether the bank is chargeable with notice or knowledge of Kuykendall's insolvency on March 1, 1924, the findings are not entirely clear. We shall assume, for the purposes of this decision, that such was the fact. The trial court denied the relief prayed for upon the theory that the unrecorded mortgage, given in 1920, was valid as against creditors, and that the new note, given in 1922, was but a renewal of the unpaid balance of the original note, the mortgage continuing as security therefor, and that the Dice notes and mortgage were a payment upon the old notes and a continuation of the old security. He held, in other words, that the Dice notes and mortgage were not a preference, but were merely a realization by the bank upon its pre-existing security.

Most of appellant's propositions are based upon the contention or assumption that the court erred in holding that the unrecorded mortgage was good as against

creditors. His reliance is upon Code 1915, § 4791, which reads as follows:

"None of said writings shall be valid except to the parties interested and those who have actual notice of the same, until it shall be deposited in the office of the clerk to be registered."

He does not overlook the fact that in Chetham-Strode v. Blake, 19 N. M. 335, 142 P. 1130, this section, originally adopted in 1852, was held repealed by sections 4786, 4787, and 4788, adopted in 1887.

Section 4788 reads as follows:

"No deed, mortgage or other instrument in writing, not recorded in accordance with section 4786 shall affect the title or rights to, in any real estate, of any purchaser or mortgagee in good faith, without knowledge of the existence of such unrecorded instruments."

He points out, however, that, after this decision, section 4791 was included by the Legislature in the 1915 "Act to Codify the Laws of the State of New Mexico." So, he contends, the two section (4788 and 4791) became of "equal dates and dignity," and are to be interpreted together. He then attempts to harmonize them.

Appellee points to the repealing and saving clause of the Code which, among other things, provides:

"The provisions of the foregoing sections taken or adopted from existing statutes, shall be construed as continuations thereof, and not as new enactments."

It is plain that, unless section 4791 is to be regarded as a new enactment, there is no virtue in appellant's contention that sections 4788 and 4791 are of "equal dates and dignity." The only possible basis for holding section 4791 a new enactment is the fact that, previous to its inclusion in the Code, this court had declared it to have been repealed. It is greatly to be doubted whether, considering the true intent and meaning of the saving clause, that is sufficient reason for saying that it was not taken or adopted from an existing statute. The question has never been decided, though a somewhat similar situation received consideration in Ex parte Bustillos, 26 N. M. 449, 194 P. 886.

■ But the question suggested arises entirely out of the assumption that the Codification of 1915 contains new enactments. It seems that the correctness of such assumption is logically the first question which arises. It might be inferred from the quoted provision of the repealing and saving clause that some of the "foregoing sections" are taken or adopted from existing statutes and that some are not. Yet, this is not the necessary meaning. The other possible meaning is made plain by inserting two words, thus:

"The provisions of the foregoing sections (are) taken or adopted. from existing statutes, (and) shall be construed as continuations thereof, and not as new enactments."

The mere insertion of a comma between "sections" and "taken" would favor this interpretation.

Both interpretations being possible, which is correct? If there are "new enactments" in the Code, the first interpretation is undoubtedly correct. But if there are none, we are as clearly led to the second. It occurred to us that, in our experience, we have discovered no "new enactment," in this codification. Acting upon this suggestion, a check has been made, section by section. Less than ten fail to refer to the original source. These are traceable, and are in no sense "new enactments."

This conclusion as to what the Legislature actually did is supported by our understanding of what it intended. The history of the Code, which in general is well known to the profession, is set forth in the preface to the book. The "plan" is said to have been "that conflicting sections should be harmonized but that no change in the law should be made." If this plan was followed, as our experience and research indicate to be the fact, it is evident that all sections embodied in the codification were, literally or in substance, taken or adopted from existing statutes. Nothing in the Code is to be construed as a "new enactment," and each section is to be interpreted, as has been our constant practice, with reference to the date and context of its origin and development. Other provisions of the repealing and saving clause are consistent with the view.

We must therefore overrule appellant's contention based 'on section 4791, and sustain the ruling of the learned trial judge that, prior to the amendment of 1923 (ch. 11) the recording laws were for the protection of purchasers and mortgagees only.

This disposes of the greater number and the more important of appellant's contentions. But one other proposition need be considered. He urges that the court erred in holding that the bank's mortgage survived the transaction of December 9, 1922, when the Sulier mortgage was allowed to take precedence over it, and a new note was taken from Kuykendall containing no recital that it was to be secured by the mortgage. We do not understand appellant to contend, as matter of law, that the parties could not, by a mutual agreement and understanding, so preserve the security. As to this, see, generally, 41 C. J., "Mortgages," § 372, 19 R. C. L. "Mortgages," § 234 et seq. We understand him to urge that the court should have found, upon the evidence in the case, otherwise than he did. From a reading of the record we are satisfied that the evidence not only substantially but amply supports the findings. They are therefore not to be disturbed.

We must affirm the judgment and remand the cause. It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.