529 P.2d 760

**FIRST NATIONAL BANK OF BELEN,**
**Plaintiff-Appellant,**

v.

**Whynama Tucker LUCE, Defendant-**
**Appellee.**

**No. 9870.**

Supreme Court of New Mexico.

Dec. 20, 1974.

Mayo T. Boucher, Belen, for plaintiff-appellant.

Jay Morgan, Portales, for defendant-appellee.

OPINION

MARTINEZ, Justice.

On September 14, 1963, W. R. Tucker, Jr., a single man, contracted to sell under an executory real estate contract a certain 40-acre parcel of land located in Roosevelt County to Foster T. Newton, who went into immediate possession of the premises. This contract was unrecorded. On November 10, 1965, Newton assigned his interest to defendants-appellees, Franklin Levacy and Wanda Levacy (hereinafter

"Levacys"), which assignment, likewise, remained unrecorded. The Levacys went into possession about November 15, 1965 and remained in possession to the time of trial, and made substantial improvements upon the property. On June 26, 1969, the same W. R. Tucker, Jr. entered into a mortgage on the 40-acre tract with plaintiff-appellant, First National Bank of Belen (hereinafter "First National"). The first money advanced on the mortgage by the bank was on September 1, 1970. Subsequent to execution of the mortgage to the bank, W. R. Tucker, Jr. assigned his interest and the real estate contract to his former wife, Mrs. Whynama Tucker Luce. W. R. Tucker, Jr. subsequently died.

The trial court found that, although the Levacy-Tucker real estate contract remained unrecorded, First National by reason of an inquiry it made to the Portales National Bank, received a letter dated June 25, 1969, informing it that a sales contract affecting title to the property did exist, which information was received by First National prior to disbursements of any money by the bank.

The trial court concluded that First National made no further inquiry as to the existence of the sales contract or the rights of the Levacys, whom the evidence shows to have been in actual possession of the property.

In consideration of the above facts, the trial court concluded, as a matter of law, that First National had no lien on the balance of money due under the real estate contract from the Levacys, since such funds belonged to defendant Luce, the wife of W. R. Tucker, Jr.

Although we agree that there is substantial evidence to support the decision of the trial court that First National was negligent in failing to make inquiry which would have alerted it to the fact that the Levacys, for four years, had been in open possession of the premises, it would appear further that the bank, at some time shortly after June 25, 1969, had actual written notice of the existence of the sales contract affecting title to the premises upon which they were then considering a loan of money. Thus, First National, it appears, had actual notice of a claim of interest by the Levacys.

Although First National argues at length that it succeeded to or had a lien on the right of the vendor, W. R. Tucker, Jr., to that part of the purchase price which remained unpaid at the time, such is not the case in this instance.

This Court, in McBee v. O'Connell, 19 N.M. 565, 145 P. 123 (1914), first adopted as a rule of law, the proposition that a person who purchases real estate in possession of another is, in equity, bound to inquire of such possessor what right he has in the real estate. If he fails to make such inquiry, which ordinary good faith requires of him, equity charges him with notice of all the facts that such inquiry would disclose. We find no compelling reason to abandon our decision in McBee, supra. Indeed, First National appears to have paid deference to that rule of law when inquiry was made by it to the Portales National Bank. See also, Nelms v. Miller, 56 N.M. 132, 241 P.2d 333 (1952).

It would appear to us that at the time W. R. Tucker, Jr. executed the mortgage to the bank, the only interest he owned in such real estate involved a possibility of a reverter to him in the event of a default in payment of the real estate contract. Since the court further found, as a matter of fact, that W. R. Tucker, Jr. did not assign to First National any interest in the unpaid balance of the real estate contract with the Levacys, the trial court properly concluded as a matter of law, that the only lien First National acquired was on the possible reversionary interest of W. R. Tucker, Jr. in the event the Levacys failed to comply with the contract. Accordingly, the mortgage of First National did not "attach to" the real property which the Levacys had acquired by reason of the executory real estate contract and the trial court correctly concluded that First Na-

tional was not entitled to foreclose the mortgage.

Although neither the appellant bank nor the appellee so argued before this Court, we are of the further opinion that the decision should be affirmed inasmuch as the bank failed to comply with the provisions of the Uniform Commercial Code on secured transactions, § 50A–9–101 et seq., N. M.S.A.1953 (Repl.Vol. 8, pt. 1, 1973), including its failure to comply with the filing provisions of the code.

In view of the foregoing, the decision of the trial court is affirmed.

It is so ordered.

McMANUS, C. J., and OMAN, J., concur.