757 P.2d 799

The CITIZENS BANK OF CLOVIS, a corporation, Plaintiff–Appellee,

v.

Robert C. HODGES, Mary L. Hodges, Western Bank, a Texas corporation, Mutual Savings Association of El Paso, a Texas corporation, and Charles Rutledge, Defendants–Appellants.

No. 9169.

Court of Appeals of New Mexico.

Jan. 7, 1988.

Certiorari Denied March 31, 1988.

**330**

J. Wayne Woodbury, Silver City, for defendants-appellants, Robert C. Hodges and Mary L. Hodges.

Charles W. Cresswell, Lisa C. Schultz, Beverly J. Singleman, Martin, Cresswell, Hubert, Hernandez & Roggow, P.A., Las Cruces, for defendant-appellant, Western Bank.

Lynell G. Skarda, Clovis, for plaintiff-appellee.

## OPINION

BIVINS, Judge.

Citizens Bank of Clovis (Citizens Bank) sued to foreclose a judgment lien against real estate in Dona Ana County. It named as defendants Robert C. and Mary L. Hodges (the Hodges), purchasers of the property under an unrecorded executory contract; Charles Rutledge (Rutledge), record owner of the property at the time Citizens Bank filed its transcript of judgment and the vendor who sold the property to the Hodges; and Western Bank and Mutual Savings Association of El Paso (Mutual Savings), holders of mortgage liens against the property. The Hodges and Western Bank appeal from an order granting Citizens Bank's cross-motion for summary judgment, foreclosing the judgment lien and ordering the sale of the property. Neither Rutledge nor Mutual Savings is a party to this appeal.

This appeal presents the question of whether a lien on real estate resulting from a recorded transcript of judgment has priority over the interest of the purchasers under an earlier executed but unrecorded contract. The Hodges and Western Bank argue that it does not, under the facts presented, for two reasons. First, under the doctrine of equitable conversion, they claim the interest of Rutledge, the judgment debtor, became personalty as a result of the contract of sale and, therefore, his interest was not subject to a lien, since a transcript of judgment attaches only to real estate; and, second, even if a lien did attach, Citizens Bank had constructive notice of the Hodges' interest because they were in actual possession of the property at the time of filing of the transcript of judgment.

This court submitted the case to an advisory committee of lawyers pursuant to an experimental plan. *See Patterson v. Environmental Improvement Div.*, 105 N.M. 320, 731 P.2d 1364 (Ct.App.1986). The committee rendered a unanimous opinion recommending affirmance of the district court. All parties to this appeal filed responses to the committee's recommended opinion. We reverse the district court. Because Citizens Bank had constructive notice of the Hodges' interest through the Hodges' actual possession of the property, their judgment lien cannot attach to the property. Having so concluded, we need not decide whether the doctrine of equitable conversion applies.

## FACTS

The relevant facts are not in dispute. In January 1979, Rutledge, the record owner of the real estate, executed a mortgage in favor of Mutual Savings that was recorded. All parties recognize the priority of Mutual Savings' mortgage. On June 23, 1979, Rutledge entered into an executory contract to sell the property to the Hodges. The contract was not recorded. Pursuant to that contract, a warranty deed conveying the property from Rutledge to the Hodges was placed in escrow with Western Bank, the escrow agent named in the contract. Under the terms of the contract, the Hodges assumed the first mortgage in favor of Mutual Savings, as well as a promissory note on the swimming pool, and also agreed to pay Rutledge the balance of the purchase price with interest in five years.

After executing their contract with Rutledge in 1979, the Hodges took possession

of the property and have continuously occupied it as their residence. They have made improvements to the property in excess of $25,000.

On July 11, 1983, Citizens Bank obtained a judgment for $52,130.33 against Rutledge in the district court of Curry County and subsequently recorded a transcript of that judgment with the county clerk of Dona Ana County on August 29, 1983. At that time, although Rutledge had contracted to sell the property to the Hodges and a warranty deed was being held in escrow, nothing of record evidenced that sale. According to the county records, Rutledge owned the property.

On February 18, 1985, escrow was closed and the warranty deed was delivered to the Hodges and recorded on that date. At the same time, the Hodges executed a mortgage in favor of Western Bank to secure a loan for $34,000. Western Bank's mortgage was also recorded on February 18, 1985.

At the time Citizens Bank filed its transcript of judgment, it had no knowledge of the contract of sale between Rutledge and the Hodges. In fact, Citizens Bank did not even know that Rutledge owned property in New Mexico. The first indication Citizens Bank had of the Rutledge–Hodges contract was a telephone call from Mr. Hodges in April 1985 informing Citizens Bank that the judgment lien was interfering with a pending sale of the property. This suit followed. The Hodges and Western Bank counterclaimed for cancellation of the transcript of judgment, removal of cloud on the title and slander of title.

Where the facts are not in dispute, only their legal effect, summary judgment may be properly granted. *Lovato v. Duke City Lumber Co.*, 97 N.M. 545, 641 P.2d 1092 (Ct.App.1982). We turn to the issue raised by the facts to determine if summary judgment was proper and, if so, in whose favor it should have been granted.

## DISCUSSION

### *Constructive Notice by Possession*

"All deeds, mortgages, United States patents and other writings affecting the title to real estate, shall be recorded in the office of the county clerk of the county or counties in which the real estate affected thereby is situated." NMSA 1978, § 14–9–1. "Such records shall be notice to all the world of the existence and contents of the instruments so recorded from the time of recording." NMSA 1978, § 14–9–2. "No deed, mortgage or other instrument in writing, not recorded in accordance with Section 14–9–1 NMSA 1978, shall affect the title or rights to, in any real estate, of any purchaser, mortgagee in good faith or judgment lien creditor, *without knowledge of the existence of such unrecorded instruments.*" NMSA 1978, § 14–9–3 (emphasis added).

Section 14–9–3 is considered a "notice" recording statute, *Angle v. Slayton,* 102 N.M. 521, 697 P.2d 940 (1985), and does not distinguish between purchasers, mortgagees in good faith and judgment lien creditors. Indeed, in *F & S Co. v. Gentry,* 103 N.M. 54, 702 P.2d 999 (1985), the supreme court ruled that the holder of a judgment lien was entitled to foreclose the interest of its judgment debtor in real estate notwithstanding the judgment debtor had conveyed that interest to a third party by deed prior to the filing of the transcript of judgment. The reason: the deed was not recorded until after filing of the transcript of judgment.

■ Pointing to the undisputed evidence that the Hodges had occupied the real estate as their residence openly since they bought the property in 1979, defendants argue that Citizens Bank had constructive notice of the Hodges' interest by reason of their actual possession. The key question then is whether the Hodges' actual possession of the property was sufficient to put Citizens Bank on notice of the Hodges' legal interest. Under New Mexico law, we hold that it was.

As early at 1914, our supreme court held that one who purchases real estate in the possession of some one other than his vendor is, in good faith, bound to inquire of such possessor what right he has in the property, and, failing to make such inquiry, equity charges him with notice of all facts

that such inquiry would disclose. *McBee v. O'Connell,* 19 N.M. 565, 145 P. 123 (1914). In *Nelms v. Miller,* 56 N.M. 132, 241 P.2d 333 (1952), the supreme court held: "It is a general rule that open, notorious and exclusive possession of real estate under claim of ownership, is constructive notice to the world of whatever claim the possessor asserts, whether such claim is legal or equitable in its nature." *Id.* at 156, 241 P.2d at 349 (citing *McBee v. O'Connell* and other cases). Quoting from 8 *Thompson on Real Property* Section 4514, the *Nelms* court said:

> The author says: "* * * Possession does not amount to constructive notice of the nature and extent of the rights of the person in possession, but it puts the purchaser upon inquiry as to such rights. He is bound to pursue the inquiry with diligence, and to ascertain what those rights are. * * * A purchaser who negligently or intentionally fails to inquire as to the fact of possession, or as to the title or interests of the person in possession, is affected with notice of such title or interest as the possessor actually has. * * *"

*Id.* at 157, 241 P.2d at 349. *Accord First Nat'l Bank of Belen v. Luce,* 87 N.M. 94, 529 P.2d 760 (1974); *Conway v. San Miguel County Bd. of Educ.,* 59 N.M. 242, 282 P.2d 719 (1955).

■ Although no New Mexico cases apply the rule of constructive notice by possession to judgment lien creditors, we discern no reason to treat that class any differently than purchasers or mortgagees. Citizens Bank argues that if there is a rational basis for possession constituting constructive notice, it must be found in the qualifying words "good faith" which, under the rule of last antecedent, *In re Goldsworthy's Estate,* 45 N.M. 406, 115 P.2d 627 (1941), apply only to purchasers and mortgagees, not judgment lien creditors. We disagree. As Citizens Bank concedes, the phrase "without knowledge of the existence of such unrecorded instruments" under Section 14-9-3 applies equally to purchasers, mortgagees and judgment lien creditors. Here, the specific language of Section 14-9-3 controls, not "good faith."

In *Chaffin v. Solomon,* 255 Or. 141, 465 P.2d 217 (1970) (In Banc), a case with almost identical facts as here, the Oregon Supreme Court held that possession and improvements, payment of taxes and the posting of a "For Sale" sign were sufficient to give a judgment lien creditor notice of plaintiff's claim of ownership, thus preventing the lien attaching to the property. *See also Malamed v. Sedelsky,* 367 Pa. 353, 80 A.2d 853 (1951) (barring priority of judgment lien creditor because of constructive notice of unrecorded deed inferred from possession by such deed's grantee); *Texas Am. Bank/Levelland v. Resendez,* 706 S.W.2d 343 (Tex.App. 7 Dist.1986) (to prevail, a creditor must be without notice of the unrecorded instrument; "It is well-settled than an open, exclusive, and visible possession of the premises, such as that admittedly held by appellees, at the time when the right of a creditor attaches, is notice of the right under which it is held." *Id.* at 347).

Citizens Bank argues that notice by possession is an anachronism, pointing out it has no place in a modern society where it would be difficult to observe the occupants' presence since sixty percent of the wives work and, if someone was found, most people questioned would likely tell the inquirers "it is none of their business." Citizens Bank urges that "[p]ossession as constructive notice has been dead a long time and merits its judicial burial." Since this rule was adopted by the supreme court, any last rites will have to be offered by the supreme court since we are bound by its decisions. *Alexander v. Delgado,* 84 N.M. 717, 507 P.2d 778 (1973) (not considered good form for lower court to reverse a superior one).

In any event, we see no reason why a judgment creditor should occupy a favored position over purchasers and mortgagees. Since 1923, judgment creditors have had the same protection as purchasers and mortgagees against a prior unrecorded instrument. 1923 N.M. Laws, ch. 11, § 1; *Wells v. Dice,* 33 N.M. 647, 275 P. 90 (1929). The recording act does not, however, protect judgment creditors to any

greater extent than a purchaser or a mortgagee who has constructive notice of a prior, unrecorded deed or instrument. *See Malamed v. Sedelsky.* Under the facts of this case, where Citizens Bank did not attempt to learn even if Rutledge owned real estate in New Mexico, much less inquire as to occupants of the property in question, to hold otherwise would require innocent third parties to pay the debts of someone else. On balance, we believe the rule of constructive notice by possession is still viable and should continue.

An exception to that rule is made where the subsequent purchaser, mortgagee or judgment lien creditor shows he pursued an inquiry, with proper diligence, but failed to obtain the knowledge of the unrecorded instrument, or of the right of the parties claiming under it. *McBee v. O'Connell.* Generally, we would remand for a factual determination as to that exception; however, reversal is proper where, as here, the judgment lien creditor concedes no inquiry was made. We note that an affidavit filed on behalf of Citizens Bank indicates it spent almost a year trying to locate Rutledge before finding him in California. This fact alone should have alerted Citizens Bank that if Rutledge had previously owned property in Dona Ana County, it could reasonably assume someone else might possess it now. Having made no such inquiry, Citizens Bank must suffer the consequences.

■ While the parties do not argue for any distinction between defendants, we note that our holding regarding constructive notice by possession as to the Hodges does not apply to Western Bank. Western Bank cannot claim possession. Additionally, its mortgage lien was filed more than a year after Citizens Bank filed its transcript of judgment. Nevertheless, Citizens Bank is charged with notice of all facts that reasonable inquiry would disclose, and that would include ownership of the real estate interest in the Hodges, rather than Rutledge. *See Marks v. City of Tucumcari,* 93 N.M. 4, 595 P.2d 1199 (1979) (by application of doctrine of equitable conversion, purchaser treated as owner of real estate with seller's interest considered personalty). NMSA 1978, Section 39-1-6 (Cum. Supp.1987) allows a judgment lien only upon real estate. At the time Citizens Bank filed its transcript of judgment, Rutledge owned no interest in the real estate. At the time Western Bank filed its mortgage, the Hodges did own an interest in the real estate. Therefore, the transcript of judgment was a nullity as to the real estate in question, and Western Bank's mortgage lien is not affected thereby.

CONCLUSION

We reverse this case and remand for entry of a judgment in favor of defendants. We assess costs of the appeal against Citizens Bank. The motion for oral argument is denied. *Garcia v. Genuine Parts Co.,* 90 N.M. 124, 560 P.2d 545 (Ct.App.1977).

IT IS SO ORDERED.

This court acknowledges the aid of attorneys Norman S. Thayer, Richard J. Grodner and Bruce P. Moore in preparing of this opinion. These attorneys constituted an advisory committee selected by the chief judge of this court, and we express our gratitude to them for their voluntary service and the quality of their work.

ALARID and GARCIA, JJ., concur.