800 P.2d 1061

**STATE of New Mexico, ex rel. S.E. REYNOLDS, State Engineer, and the United States of America, Plaintiffs,**

v.

**R. Lee AAMODT, et al., Defendants.**

**No. 18997.**

Supreme Court of New Mexico.

Nov. 14, 1990.

Peter Thomas White, Sp. Asst. Atty. Gen., Santa Fe, for plaintiff Reynolds.

Simms & Stein, P.A., Richard A. Simms, Jay F. Stein, Santa Fe, for defendant Bishop's Lodge.

Compton, Hickey & Ives, Peter N. Ives, Santa Fe, Sheehan, Sheehan & Stelzner, P.A., Charles F. DuMars, Albuquerque, for defendant Spencer.

OPINION

WILSON, Justice.

The United States District Court for the District of New Mexico certified the following questions to this court:

(1) Whether NMSA 1978, Section 72–12–8(B) (Repl.Pamp.1985), or Regulation 1–9 of the Rules and Regulations Governing Drill-

ing of Wells and Appropriation and Use of Ground Water in New Mexico requires annual filings of applications for extensions of time to place water to beneficial use to preserve permits for the use of ground water.

(2) Whether the failure to file annually for such an extension of time results in the expiration of the permit.

(3) Whether the actions of the State Engineer in accepting and approving applications for extensions of time to place water to beneficial use which are filed after the expiration of the one-year period and after the time established by the State Engineer in the relevant permits are valid.

## FACTS

This matter comes upon a statement of stipulated facts as follows:

On August 7, 1979, after application by defendant Spencer to the State Engineer's office to change the location of a well and the planned purpose of use of underground waters, the State Engineer, after public notice and absent any protest, approved the applicant's transfer and extended the time for filing of proof of application of water to beneficial use to August 31, 1983. From August 31, 1983 to August 31, 1985, annual applications for extension of time were filed and granted. On December 31, 1986, an application for extension of time was filed and granted for the period August 31, 1985 to August 31, 1986, although the application was filed after the expiration of the last extension. No application to extend time was filed thereafter until September 28, 1989, when five applications were filed for the preceding five years. The late applications were accepted by the State Engineer and extension was granted until August 15, 1990.

## ISSUE

The single issue underlying the questions certified to us is whether the failure to file an application for extension of time to put water to beneficial use prior to the expiration of the last extension granted automatically terminated the permit. We answer this issue in the negative.

## DISCUSSION

The defendant Bishop's Lodge contends that the failure to file applications for extensions of time prior to the expiration of the last extension granted should automatically terminate the water permit. This contention is inconsistent with Section 72–12–8(B), which provides in applicable part: "Upon application to the state engineer *at any time* and a proper showing of reasonable cause for delay or for non-use, or upon the state engineer finding that it is in the public interest, the state engineer may grant extensions of time...." (Emphasis added).

The general rules of statutory construction require that words of a statute should be given their ordinary, everyday meaning, and in the absence of a clear and express legislative intention to the contrary, the language of the statute is conclusive. *United States v. Austin,* 614 F.Supp. 1208 (D.N.M.1985). Section 72–12–8(B) clearly states that the applications for extension of time may be made "at any time." For us now to hold that the application must be submitted prior to the expiration of the last extension would contravene the clear and unambiguous language of the statute. In addition, we believe our interpretation of this statute is consistent with the clearly expressed legislative mandate to the State Engineer.

NMSA 1978, Section 72–2–8(A) (Repl. Pamp.1985), states as follows:

A. The state engineer may adopt regulations and codes to implement and enforce any provision of any law administered by him and *may issue orders necessary to implement his decisions* and to aid him in the accomplishment of his duties. *In order to accomplish its purpose, this provision is to be liberally construed.* (Emphasis added.)

The legislature granted the State Engineer broad powers to implement and enforce the water laws administered by him. We have long recognized the State Engineer's authority to do so. In *City of Albuquerque v. Reynolds,* 71 N.M. 428, 439, 379 P.2d 73, 81 (1962), we stated that "[h]aving the statutory power and duty to prohibit

**6**

the taking ... to protect existing rights, the state engineer has reasonably exercised his power by imposing suitable conditions so as to permit such taking as will not result in impairment."

Likewise in *State v. Myers,* 64 N.M. 186, 193, 326 P.2d 1075, 1080 (1958), we stated:

[W]e must presume that the action of the state engineer is correct....

"On review of the acts or orders of administrative bodies, the courts will presume, among other things, that the administrative action is correct and that the orders and decisions of the administrative body are valid and reasonable; presumptions will not be indulged against the regularity of the administrative agency's action." (Quoting 73 C.J.S. *Public Administrative Bodies & Procedures* § 205 (1951)).

By our action today we continue a long tradition of upholding the State Engineer's authority to take reasonable and appropriate action to protect and administer the water laws of New Mexico.

CONCLUSION

We conclude that the failure to file an application for extension of time to place water to beneficial use prior to the expiration of the last extension granted does not automatically terminate water permits. The retroactive approval by the State Engineer of applications for extension of time was permissible.

IT IS SO ORDERED.

BACA and MONTGOMERY, JJ., concur.