In re Phyllis L. CROWDER, Debtor.

Phyllis L. CROWDER, Plaintiff,

v.

Stanley E. CROWDER and Sarah F. Crowder, Defendants.

Bankruptcy No. 11–96–10336 ML.
Adversary No. 97–1145 M.

United States Bankruptcy Court,
D. New Mexico.

Oct. 5, 1998.

David A. Grammer III, Albuquerque, NM.

Daniel J. Behles, Albuquerque, NM, for Debtor.

**MEMORANDUM OPINION**

MARK B. McFEELEY, Chief Judge.

THIS MATTER came before the Court upon Defendants' Motion for Summary Judgment. The issue before the Court is whether 11 U.S.C. § 544(a)(3) operates to allow a debtor-in-possession, with the powers of a trustee, to avoid a transfer of real property by standing in the position of bona fide purchaser when parties who are not the record title holders to property are in possession of the property. There is no dispute as to the facts of this case; the only remaining issues involve questions of law. Having considered the briefs submitted by counsel, reviewed the pleadings and the applicable law, having had a hearing on the merits, and being otherwise fully informed and advised, the Court grants Defendants' Motion for Summary Judgment and concludes that the debtor-in-possession cannot avoid the transfer of the property at issue herein under 11 U.S.C. § 544(a)(3).

**FACTUAL BACKGROUND**

The real property at issue in this matter is approximately 2,097 acres located in Torrance and Bernalillo Counties, New Mexico (hereinafter referred to as the "Tijeras Ranch")[1]. Defendants claim that their open and notorious possession of the Tijeras Ranch property charges the debtor-in-possession with constructive notice of their title to the property.

On July 10, 1987, Plaintiff, Phyllis L. Crowder (Phyllis Crowder), and her former husband, Charles L. Crowder, executed and delivered a Warranty Deed conveying the Tijeras Ranch property to Stanley and Sarah Crowder. Stanley and Sarah Crowder took possession of the Tijeras Ranch property in July of 1987, but did not record the Warranty Deed.

From 1989 through 1997, Stanley and Sarah Crowder paid all property taxes on the Tijeras Ranch, and have made improvements and repairs on the Tijeras Ranch. Stanley and Sarah Crowder regularly spend at least part time at the Tijeras Ranch, it being their

---

1. In 1975, Defendants acquired a smaller parcel of real property, known as the "Bryon Tract," adjacent to the Tijeras Ranch property. Ownership of the Bryan Tract is not at issue in this matter.

habit to inspect the ranch several days a week, and to spend some weekends at the Tijeras Ranch. Stanley and Sarah Crowder, as lessors, have entered into several pasturing and grazing leases on the Tijeras Ranch. Neighbors in the area consider Stanley and Sarah Crowder to be the owners of the Tijeras Ranch.

On January 26, 1996, Phyllis Crowder filed a petition in bankruptcy. The warranty deed to the Tijeras Ranch property was not recorded at that time. On March 3, 1997 the deed was recorded in the Bernalillo County real property records, and on March 7, 1997 the deed was recorded in the Torrance County real property records.

Plaintiff Phyllis Crowder filed a complaint in this adversary proceeding to avoid the transfer of the Tijeras Ranch property to Stanley and Sarah Crowder pursuant to 11 U.S.C. § 544(a)(1) and (3), or alternatively, under 11 U.S.C. § 549(a) as a post-petition transfer. Defendants Stanley and Sarah Crowder filed a Motion for Summary Judgment asserting that the debtor-in-possession cannot avoid the transfer under 11 U.S.C. § 544(a)(3) because the Defendants' possession of the Tijeras Ranch property puts the debtor-in-possession on constructive notice of Defendants' interest in the property, thus destroying the debtor-in-possession's status as a substituted bona fide purchaser under the bankruptcy code. Defendants withdrew their alternative claim for summary judgment.

## DISCUSSION

█ Under 11 U.S.C. § 544(a)(3)[2] the trustee has the power to avoid certain transfers of real property of the debtor. This power arises regardless of any actual knowledge the trustee or debtor in possession has of the transfer. 11 U.S.C. § 544(a) ("without regard to any knowledge of the trustee"). See also McCannon v. Marston, 679 F.2d 13, 15–16 (3rd Cir.1982) (distinguishing actual

"knowledge" from actual "notice"). Thus the bankruptcy code imposes a fiction on the debtor-in-possession, who likely has actual knowledge of any transfers the debtor made, in order to give the trustee, or debtor-in-possession with the powers of a trustee, the ability to avoid certain transfers for the benefit of the bankruptcy estate. Any actual knowledge of the debtor's prior transfer of real property is irrelevant to an analysis of whether the debtor-in-possession can avoid a transfer of real property pursuant to 11 U.S.C. § 544(a)(3). See McCannon 679 F.2d at 16. The trustee assumes the position of a hypothetical bona fide purchaser and is entitled to avoid any transfer a bona fide purchaser could avoid. 11 U.S.C. § 544(a)(3). See Watkins v. Watkins, 922 F.2d 1513, 1514 (10th Cir.1991).

█ An analysis of the trustee's substituted bona fide purchaser status necessarily contemplates an analysis of state law. Section 544(a)(3) provides: "a bona fide purchaser of real property ... against whom *applicable law* permits such a transfer to be perfected." 11 U.S.C. § 544(a)(3) (emphasis added). "Applicable law" is the state law governing bona fide purchasers. The trustee's "bona fide purchaser position [is] subject to the state's constructive notice law." *Watkins v. Watkins*, 922 F.2d 1513, 1514 (10th Cir.1991). "The trustee, however, assumes the B.F.P. position subject to the state's notice laws." *Patel v. Rupp*, 195 B.R. 779, 782 (D.Utah 1996). "State law determines whether the trustee's status as BFP will defeat the rights of the person against whom the trustee seeks to assert his powers." *Robertson v. Peters (In re Weisman)*, 5 F.3d 417, 419 (9th Cir.1993).

*State Law Analysis of Bona Fide Purchaser Status; Limitation of Bona Fide Purchaser Status by Constructive or Inquiry Notice*

█ The state law governing the status of bona fide purchasers has both common law

**2.** 11 U.S.C. § 544(a) reads as follows:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

> 11 U.S.C. § 544(a)(3) reads as follows:
> a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

and statutory roots. The New Mexico recording statute protects bona fide purchasers for value who purchase property without notice of another party's interest. N.M. Stat. Ann. § 14–9–3 (Michie 1997). In other words, it protects purchasers from being bound by unrecorded instruments. Parties who fail to record their conveyancing documents are at risk that their interest may be terminated by a bona fide purchaser for value.

■ The statutory protection afforded bona fide purchasers works in conjunction with common law principles of inquiry or constructive notice. Constructive notice is firmly embedded in New Mexico common law. *See Nelms v. Miller,* 56 N.M. 132, 241 P.2d 333 (1952); *Hunt v. Ellis,* 27 N.M. 397, 201 P. 1064 (1921); *McBee v. O'Connell,* 19 N.M. 565, 145 P. 123 (1914). Under constructive notice principles, once a duty of inquiry arises, subsequent purchasers are held to have notice of all documents a reasonable inquiry would uncover, even if those documents are not recorded. *See Robertson v. Peters (In re Weisman),* 5 F.3d 417, 420 (9th Cir.1993). A party in possession of the property who is not the record title holder of the property gives rise to a duty of inquiry on the part of a subsequent purchaser, mortgagee, or lienholder. *See Nelms v. Miller,* 56 N.M. 132, 156–157, 241 P.2d 333, 349 (1952). Moreover, as the New Mexico Court of Appeals observed, the New Mexico Supreme Court held that:

> ... one who purchases real estate in the possession of someone other than his vendor is, in good faith, bound to inquire of such possessor what right he has in the property, and failing to make such inquiry, equity charges him with notice of all facts that such inquiry would disclose. *Citizens Bank of Clovis v. Hodges,* 107 N.M. 329, 331–332, 757 P.2d 799, 801–802 (Ct.App. 1988).

The undisputed facts in this case show that Plaintiff and her former husband delivered a warranty deed to Defendants conveying the Tijeras Ranch property on July 10, 1987. Stanley and Phyllis Crowder were in possession of the Tijeras Ranch property from July 1987 to the present, but the warranty deed to the property was not recorded until March 1997. At the time the bankruptcy petition was filed, the record title showed Phyllis and Charles Crowder as owners of the Tijeras Ranch property. Following New Mexico constructive notice principles, a bona fide purchaser would be held to have constructive notice of Defendants' ownership interest in the property provided that Defendants' open and notorious possession of the property would cause a reasonably prudent person to inquire, and provided further, that a reasonable inquiry would uncover that interest. *See Hunt v. Ellis,* 27 N.M. 397, 398, 201 P. 1064 1065 (1921).

■ The undisputed facts support the finding that a reasonable inquiry would have revealed Defendants' interest in the Tijeras Ranch. Stanley and Sarah Crowder were in possession of the Tijeras Ranch property. The neighbors considered Stanley and Sarah Crowder the owners of the Tijeras Ranch property. Lessees under certain grazing leases on the Tijeras Ranch property considered Stanley and Sarah Crowder, as lessors, the owners of the Tijeras Ranch property. The "no trespassing" signs list Stanley Crowder as "owner, or occupant." Further inquiry into these facts would have revealed Defendants' ownership interest in the Tijeras Ranch property to an inquirer.

Plaintiff relies on *Robertson v. Peters (In re Weisman),* 131 B.R. 148 (N.D.Ca.1991) to support her claim that no duty to inquire arises when the record title to the property is not inconsistent with the ownership of the possession of the property. Plaintiff's reliance on a California court's interpretation of constructive notice principles is misplaced. First, *Weisman,* was overruled by the Ninth Circuit Court of Appeals. *Robertson v. Peters (In re Weisman),* 5 F.3d 417 (9th Cir. 1993). The ninth circuit overruled the district court on grounds that possession of a residence by a husband and second wife was inconsistent with the record title to the property indicating ownership by the husband and his first wife, and gave rise to a duty to inquire about the second wife's ownership interest. Second, the facts at issue herein are distinguishable from the facts in *Weisman.*

Plaintiff asserts that because Stanley and Sarah Crowder hold record title to the Bryon Tract, a smaller parcel of property located adjacent to the Tijeras Ranch property, Stanley and Sarah Crowders' possession of the Tijeras Ranch property is not inconsistent with the record title. The Tijeras Ranch property is contiguous to the Bryon Tract, but is not part of the Bryon Tract. The Bryon Tract is much smaller than the Tijeras Ranch property. That title to the Bryon Tract is not in dispute does not make possession of the entire Tijeras Ranch property consistent with the record title to the Tijeras Ranch property. In fact, at the time this bankruptcy proceeding was filed, record title to the Tijeras Ranch property was inconsistent with Stanley and Sarah Crowders' possession of the Tijeras Ranch property. Record title at that time remained in Phyllis L. Crowder and Charles L. Crowder. A duty of inquiry arises based on Stanley and Sarah Crowders' possession of the Tijeras Ranch property, and a subsequent purchaser, mortgagee or lienholder would be held to have constructive notice of all interests a reasonable inquiry would reveal.

*Applicable New Mexico Statute*

Regardless of the various interpretations of constructive notice, such interpretations cannot be applied independently of applicable statutory provisions. The language of the New Mexico statute is as follows:

No deed, mortgage or other instrument in writing not recorded in accordance with Section 14–9–1 NMSA 1978 shall affect the title or rights to, in any real estate, of any purchaser, mortgagee in good faith or judgment lien creditor, without knowledge of the existence of such unrecorded instruments. *Possession alone based on an unrecorded executory real estate contract shall not be construed against any subsequent purchaser, mortgagee in good faith or judgment lien creditor either to impute knowledge of or to impose the duty to inquire about the possession or the provisions of the instruments.* N.M. Stat. Ann.

§ 14–9–3 (Michie 1997) (amended section is italicized).

The second sentence was added to the statute in 1990 in response to the decision of the New Mexico Court of Appeals in *Citizens Bank of Clovis v. Hodges*, 107 N.M. 329, 757 P.2d 799 (Ct.App.1988). *Citizens* was the first case in New Mexico to apply constructive notice principles against a lienholder. All prior New Mexico cases addressing constructive notice based on a non-record title holder's possession of property concerned subsequent purchasers.

In *Citizens*, a judgment lienholder filed a transcript of judgment against a debtor who had sold his interest in certain real property under a real estate contract. The real estate contract was not recorded, and the deeds, along with the real estate contract, were held in escrow pending the purchaser's completion of all payments due under the contract or his subsequent default. The New Mexico Court of Appeals held that a lienholder who filed a transcript of judgment against any and all real property owned by the debtor was deemed to have constructive notice of the subsequent purchaser's interest in the property based on the unrecorded real estate contract because the subsequent purchaser's possession of the property gave rise to a duty of inquiry which would have revealed the subsequent purchaser's ownership interest. *Id.* The 1990 amendment to the statute effectively overruled the *Citizens* decision.

*Statutory Construction of § 14–9–3 N.M.S.A.*

No New Mexico court has yet interpreted the amended § 14–9–3 N.M.S.A. No other state has a similarly worded statute[3]. Defendants urge that the amended portion of the statute only applies to unrecorded real estate contracts. Because the instant case involves a warranty deed, Defendants argue, the statute is inapplicable. Plaintiff counters that the statute must be construed to mean that New Mexico state law no longer imposes constructive notice principles on subsequent purchasers, mortgagees or lienholders; application of the statute only to unrecorded

---

**3.** Professors W. Garrett Flickinger, Sheryl Scheible, and Christian G. Fritz note that the amendment "makes New Mexico a jurisdictional aber-

ration." W. Garrett Flickinger, Sheryl Scheible, and Christian G. Fritz, *Legislature Tampers with Recording Act,* 20 N.M. L.Rev. 235 (1990).

executory real estate contracts would render the statute absurd.

■■■ There are two approaches to judicial interpretation of statutes. The first approach is often referred to as the "plain meaning" rule. Under the "plain meaning" approach, a court applies the statute as written, giving the words used in the statute their plain, or ordinary meaning. *See Whiteley v. New Mexico State Personnel Bd.*, 115 N.M. 308, 311, 850 P.2d 1011, 1014 (1993). *See also State ex rel. Reynolds v. Aamodt*, 111 N.M. 4, 5, 800 P.2d 1061, 1062 (1990). Where there is no ambiguity in the statute, the court is bound to apply the statute as written. *See State v. Jonathan M.*, 109 N.M. 789, 790, 791 P.2d 64, 65 (1990). *See also Johnson v. Francke*, 105 N.M. 564, 566, 734 P.2d 804, 806 (Ct.App.1987).

The New Mexico statute, as amended, singles out unrecorded executory real estate contracts for special treatment. Based on the plain language of the statute, constructive notice principles no longer come into play in New Mexico when possession is based on an unrecorded executory real estate contract. Application of the "plain language" approach leads to the conclusion that constructive notice principles survive when conveyancing instruments other than executory real estate contracts are involved.

■■■ The second approach to statutory construction, dubbed the "rejection-of-literal-language" approach by the New Mexico Supreme Court, allows the Court to depart from the literal application of the statute in order to prevent absurd results. *See State ex rel. Helman v. Gallegos*, 117 N.M. 346, 347, 871 P.2d 1352, 1353 (1994). Under this approach, "... where the language of the legislative act is doubtful or an adherence to the literal use of words would lead to injustice, absurdity or contradiction, the statute will be construed according to its obvious spirit or reason, even though this requires the rejection of words or the substitution of others." *Id.* at 348 (quoting from *State ex rel. Helman v. Gallegos*, 114 N.M. 414, 417, 839 P.2d 624, 627 (Ct.App.1992)) (quoting from *State v. Nance*, 77 N.M. 39, 46, 419 P.2d 242, 247 (1966) *cert. denied*, 386 U.S. 1039, 87 S.Ct. 1495, 18 L.Ed.2d 605). *See also Invest-ment Co. of the Southwest v. Reese*, 117 N.M. 655, 658, 875 P.2d 1086, 1089 (1994) ("when the literal meaning leads to conclusions that are unjust or nonsensical").

Adherence to the literal language of the statute does lead to unfair results. Under the new language of the statute, possession by a party other than the record title holder will give rise to a duty to inquire only where the basis of the non-record title holder's possession is an instrument other than an unrecorded real estate contract. But until a subsequent purchaser, mortgagee or lienholder makes the inquiry, he will not know whether he will be bound by constructive notice of the possessor's interest. If no inquiry is made and it turns out that the instrument is an unrecorded real estate contract, the statute will apply, and the subsequent purchaser, mortgagee or lienholder will prevail. If no inquiry is made and it turns out that the instrument is something other than an unrecorded real estate contract, constructive notice principles apply and the party in possession will prevail. The amended statute attempts to abolish a duty of inquiry in some instances, yet leaves those who do not inquire at their peril if the instrument is something other than an executory real estate contract. Presumably anyone who inquires as to the basis for the possession would have knowledge of the possessor's interest, even if that possessor's interest were based on an unrecorded real estate contract. The new exception then would not apply, and a subsequent purchaser, lienholder, or mortgagee with knowledge of the unrecorded real estate contract would not be protected by the language of the statute.

It is this absurdity that seems contrary to the spirit of the statute. Either a party in possession should be required to record his interest in the property in order to prevail, or possession based on any unrecorded instrument should give rise to a duty of inquiry. The statute suggests that the legislature has a dislike for the doctrine of constructive notice, but fails to abolish it in its entirety. Instead, the statute carves out a narrow exception for the inapplicability of constructive

notice, one that will lead to unequal application of the law to parties similarly situated.

For example, under the current statute, it would be possible for a purchaser under a real estate contract to lose his property to a subsequent purchaser, lienholder, or mortgagee even after the purchaser makes his penultimate payment under the unrecorded real estate the executory real estate contract.[4] If the executory real estate contract is not recorded, a subsequent purchaser, lienholder or mortgagee will prevail over the purchaser regardless of how long the purchaser has been in possession of the property, and regardless of how many payments the purchaser has made to his seller, because the subsequent purchaser, lienholder, or mortgagee will not be held to have constructive notice of the purchaser's interest in the property. This is a terribly inequitable situation for an unsophisticated purchaser who fails to record his executory real estate contract. It is even more inequitable since a party who obtains a deed but fails to record it would prevail in the identical circumstances.

## CONCLUSION

New Mexico has always been a constructive notice jurisdiction. *See Citizens Bank of Clovis v. Hodges,* 107 N.M. 329, 757 P.2d 799, (Ct.App.1988). It is clear that without the 1990 amendment to the New Mexico statute, Defendants would prevail. Defendants' open and notorious possession of the Tijeras Ranch property gave rise to a duty of inquiry that would put a subsequent purchaser, mortgagee or lienholder on constructive notice of the Defendants' interest in the property.

■■ While this Court believes that application of the amended § 14–9–3 leaves open the potential for very inequitable results, it is not in the position to legislate. To avoid such iniquities, the legislature should either abolish constructive notice in its entirety, after careful consideration, or retract the 1990 amendment to § 14–9–3. However, this Court must apply the law as it is written. This Court holds that N.M. Stat. Ann. § 14–

9–3 is inapplicable to this case because Defendants' possession is based on an unrecorded warranty deed. Defendants' Motion for Summary Judgment is granted.

This opinion constitutes the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

---

**4.** *See* W. Garrett Flickinger, Sheryl Scheible, and Christian G. Fritz, *Legislature Tampers with Re-* cording Act, 20 N.M. L.Rev. 235 (1990).