27 P.(2d) 59

**TAYLOR et al. v. HANCHETT OIL CO.**

No. 3827.

Supreme Court of New Mexico.

Nov. 16, 1933.

E. R. Wright and Donovan N. Hoover, both of Santa Fé, for appellant.

Keith W. Edwards, of Fort Sumner, for appellees.

ZINN, Justice.

The appellees, trustees of the estate of Job J. Haas, deceased, brought suit to quiet title to a certain tract of real estate in Guadalupe county.

Appellees and appellant claim through a common source of title, through Thomas A. Riddle and wife.

It appears that the Riddles being indebted to the appellees in the sum of $4,114.74, together with interest and certain taxes, which indebtedness was secured by three mortgage deeds on the land in issue, in order to liquidate the said indebtedness, entered into an agreement on December 23, 1926, with the appellees, wherein it was agreed that the Riddles would convey the land by warranty deed to the appellees in full payment of the debt, conditioned, however, that the deed and the agreement were to be deposited in the Fort Sumner State Bank, as escrow agent, to be held by said bank under the terms of the agreement for a period of nine months, within which time the Riddles could redeem the land by paying the amount of the indebtedness, with interest to date of redemption, in which event the Riddles would be entitled to have the said deed returned to them and the mortgages released, but if the indebtedness be not paid within the said nine months' period, then the deed was to be delivered to the appellees. The escrow agreement was not acknowledged nor recorded. However, on November 4, 1927, the deed was recorded.

It is logically inferred that the Riddles were in default in their obligations to the appellees, and rather than go through the expense and delay of foreclosure it was agreed between the parties that the Riddles would execute a deed of conveyance to the appellees to be left in escrow during a nine months' period, being in the nature of a period of redemption, within which time the Riddles could liquidate their indebtedness to the appellees in full, and failing to do so the deed to be delivered to the appellees and the property to then vest in them.

After the nine months' period had elapsed, on October 4, 1927, the Riddles gave a quitclaim deed to the land to Rutherford, who recorded the same on October 19, 1927, and on October 4, 1927, Rutherford conveyed the same by quitclaim deed to the appellant, which latter deed was recorded on March 11, 1929.

The deed from the Riddles to Rutherford, after describing the premises conveyed, contained this recital: "Including all rights of redemption by virtue of certain mortgages made by parties of first part to G. L. Haas or by virtue of any agreements made and en-

tered into by said parties in connection with said mortgages." The deed from Rutherford to the appellant contained the identical recital word for word.

The trial court entered judgment quieting title to all of the land in the appellees as against the appellant. None of the other defendants named in the complaint were ever served or appeared, and no judgment was entered as against them. From the judgment, appellant, one of the defendants below, appeals.

In seeking to reverse the lower court, the appellant contends that the New Mexico recording acts, 1929 Comp. St. § 118-101 et seq., bar appellees' rights as against appellant's recorded title because appellant had no actual knowledge of the unrecorded deed, and further that the recitals contained in the deeds, as hereinabove quoted, do not imply knowledge of the existence of an unrecorded title to the real estate involved; and for the further reason that the appellees having alleged adverse interests in other defendants as well as the appellant, without bringing such other parties into court, the lower court was without jurisdiction to quiet appellees' title as against the appellant.

It is the appellant's contention that this case comes within the rule laid down in the case of Mabie-Lowrey Hardware Co. v. Ross et al., 26 N. M. 51, 189 P. 42, where we held that, as between two claimants to property who derive their titles from the same grantor, the claimant who purchased in good faith, for value, though by quitclaim deed, but had no knowledge of the outstanding unrecorded deed of his grantor to the other claimant, had the better title. With this doctrine we are in accord, but the same is not applicable here.

■ In the instant case the recitals contained in the quitclaim deed from the Riddles to Rutherford and from Rutherford to appellant constitute notice of the existence of "agreements," "rights of redemption," and "mortgages," which unquestionably relate to the land in issue. The appellant contends that 1929 Comp. St., § 118-110, charges only those who take "with actual knowledge." In this we do not agree. 1897 Comp. St., § 3955, was carried forward into the 1915 Code as section 4788. The distinction between 1915 Code, § 4788, and 1929 Comp. St., § 118-110, is that by Laws 1923, ch. 11, § 1, section 4788 was merely amended to add "judgment lien creditors" to those already enumerated, whose rights or titles could be affected by deeds, mortgages, or other instruments in writing not recorded as required by the recording acts of New Mexico. The 1923 amendment was merely for the purpose of extending the protection of the recording act to judgment lien creditors. See Fulghum v. Madrid, 33 N. M. 303, 265 P. 454.

However, the phrase "without knowledge" as used in section 118-110 is the same phrase "without knowledge" as used in section 4788, Code 1915.

Though this court has never squarely ruled that the phrase "without knowledge" in our recording act means "without notice," yet

this accepted synonymity can be noticed in the case of Kitchen v. Schuster, 14 N. M. 164, 89 P. 261, and also in the case of Yeast v. Pru (D. C.) 292 F. 598, page 619, where the circuit court, in construing sections 4786, 4787, and 4788, New Mexico Code, 1915, said: "The plaintiff, the Prus, and Bivins, had no actual notice of the Las Nutrias papers, and had no notice of facts which would put a purchaser on inquiry. They were therefore innocent purchasers for value without notice of the Las Nutrias papers. Airhart v. Massieu [98 U. S. 491, 25 L. Ed. 213], supra'; Miller v. Dale, 92 U. S. 473, 23 L. Ed. 735; Fletcher v. Peck, 6 Cranch, 87, 3 L. Ed. 162."

"Knowledge" does not necessarily mean "actual knowledge," but means knowledge of such circumstances as would ordinarily lead upon investigation, in the exercise of reasonable diligence which a prudent man ought to exercise, to a knowledge of the actual facts. One who intentionally remains ignorant is chargeable in law with knowledge. In its broadest interpretation it means constructive notice.

In the case of Kitchen v. Schuster, supra, we adopted the rule governing constructive notice as stated in United States v. Detroit Co., 200 U. S. 321, 323, 26 S. Ct. 282, 285, 50 L. Ed. 499, 504, where it is said: "When a person has not actual notice, he ought not to be treated as if he had notice, unless the circumstances are such as enable the court to say, not only that he might have acquired, but also that he ought to have acquired it, but for his gross negligence in the conduct of the business in question. The question, then, when it is sought to affect a purchaser with constructive notice, is not whether he had the means of obtaining, and might, by prudent caution, have obtained the knowledge in question, but whether not obtaining was an act of gross or culpable negligence."

In applying this rule to the facts herein, we find that the deed from Rutherford to the appellant recited, immediately after the description of the real estate, the following: "Including all rights of redemption by virtue of certain mortgages made by parties of the first part to G. L. Haas or by virtue of any agreements made and entered into by said parties in connection with said mortgages."

This recital should have immediately caused appellant to pause, reflect, and inquire what rights of redemption existed by virtue of certain mortgages made by parties of the first part, the apparent grantors, to G. L. Haas. Reasonable care would require the appellant to inquire into the matter of redemption, if any existed, and whether such right of redemption reserved by the Riddles had been exercised, and, if not, whether the title of the Riddles had passed to appellees. Appellant should have inquired into the nature of "agreements" made by "parties of the first part." By inquiring of the Riddles and of G. L. Haas, the appellant could have been informed of the escrow and outstanding warranty deed, and of the true nature of the rights of all the parties, and in failing to inquire the appellant was either grossly or culpably negligent, and we must hold that he

took with knowledge of the appellee's deed outstanding, though said deed was not recorded until after the deed from the Riddles to Rutherford.

■ The appellant's contention that because the appellee failed to serve the other defendants named in the complaint with process and did not secure judgment against them, the trial court was therefore without jurisdiction to grant judgment as against the appellant, is without merit.

In the instant case the appellant was served with process, appeared and defended the action, and it does not appear wherein the appellant has any interest in the issue between the appellees and the other defendants, and as the judgment against the appellant was properly entered, we can find no error in the same, and it will be affirmed.

It is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, and BICKLEY, JJ., concur.