697 P.2d 940

**Loreen ANGLE, Petitioner,**

**v.**

**Paul SLAYTON and Patricia Slayton, his wife, Respondents.**

**No. 15756.**

Supreme Court of New Mexico.

April 2, 1985.

Paul J. Kelly, Jr., Hinkle, Cox, Eaton, Coffield & Hensley, Santa Fe, for petitioner.

Thomas Campbell, II, Roswell, for respondents.

## OPINION

FEDERICI, Chief Justice.

Paul and Patricia Slayton (the Slaytons) filed suit in the District Court of Chaves County to quiet title to a State of New Mexico oil and gas lease. Loreen Angle (Angle) counterclaimed, asserting an interest in the lease below 2,080 feet. The Slaytons appealed to the Court of Appeals from the trial court's grant of summary judgment in favor of Angle. The Court of Appeals, with Judge C. Fincher Neal dissenting, reversed the trial court. We granted Angle's petition for writ of certiorari. We reverse the Court of Appeals and affirm the trial court.

The issue on appeal is whether the Slaytons had constructive notice as a matter of law of Angle's interest. The question arises because Angle recorded her interest several years after receiving it and after her grantor had divested itself of all title to the lease.

On May 22, 1964, Angle, the record owner of the lease at that time, assigned the entire lease to Shell Oil Company (Shell). This assignment was filed with the State Land Office pursuant to NMSA 1978, Section 19–10–31. (Although the 1953 statutes were in effect at the time, for ease of reference we cite to the current statutes throughout this opinion, since there are no differences between them which are pertinent to the issues of this case.) In August of the same year, Shell assigned back to Angle all rights in the lease below 2,080 feet (the deep rights). Since the Commissioner of Public Lands will not recognize or approve assignments of less than an entire state lease, NMSA 1978, Section 19–10–13, this assignment could be recorded only in Chaves County where the property is situated. Angle did not record this partial assignment in Chaves County until January 2, 1968. In the interim, Shell assigned its interest in the lease "down to but not below the depths to which assignor owns such lease" to Dr. Sam Dunn (Dunn). Dunn correctly recorded this assignment in Chaves County on November 16, 1965. In addition, Shell subsequently transferred record title to Dunn, filing this assignment with the State Land Office on June 15, 1967. Although this assignment appeared to transfer the entire lease, Dunn knew he was not receiving the deep rights. Dunn died later that year. On January 29, 1971, Dunn's estate quitclaimed its interest in the lease to the Slaytons. Paul Slayton, an independent oil producer, and his wife acquired all the Dunn estate properties in New Mexico, including 96 wells, of which approximately 25 were producing wells. Prior to purchasing the properties, Paul Slayton examined the records of the State Land Office, but not the records of Chaves County.

The Court of Appeals agreed with the Slaytons' argument that a purchaser should be required to search the records pertaining to each prior owner of a particular property *only* for that period of time such prior owner had title. Since Shell had relinquished all interest in the lease prior to Angle's recordation of her interest, the assignment from Shell to Angle would not have appeared of record during the time period Shell had title. The Court of Appeals concluded, therefore, that the Shell to

Angle assignment was not in the Slaytons' chain of title and that the Slaytons could not be charged with constructive notice of it. This approach is taken by a minority of jurisdictions and has become known as the Massachusetts view. *See* Cross, *The Record "Chain of Title" Hypocrisy,* 57 Colum.L.Rev. 787, 794 (1957).

■ We agree with Judge Neal that the approach taken by a majority of jurisdictions that have considered this issue is the better reasoned view; namely, that a property owner should not be divested of title by a subsequent purchaser when the owner has done all that the law requires him to do. *Id.*

■ An interest in an oil and gas lease is considered in New Mexico to be an interest in real estate. *Rock Island Oil and Refining Co. v. Simmons,* 73 N.M. 142, 386 P.2d 239 (1963). The general recording provisions of NMSA 1978, Sections 14-9-1 to -3, are therefore applicable. Section 14-9-1 requires instruments affecting title to real property to be recorded in the proper county clerk's office. NMSA 1978, Section 19-10-31, however, pertains specifically to leases of oil and gas rights in State lands and provides that for those instruments accepted for filing at the State Land Office "[s]uch filing and recording shall be constructive notice to all persons of the contents of such instruments from the date of such filing and it shall not be necessary to record such instruments in the county where the lands affected thereby are located * * *." As earlier stated, the State Land Office does not accept assignments of a partial lease. NMSA 1978, § 19-10-13. Partial leases, therefore, can only be filed in the county where the property is situated.

■ NMSA 1978, Section 14-9-2 provides that an instrument recorded in accordance with Section 14-9-1 "shall be notice to all the world of the existence and contents of the instruments so recorded from the time of recording." By judicial interpretation, "all the world" has been limited to mean those persons who are bound to search the record, and it is to such persons only that the law imputes constructive notice. *Romero v. Sanchez,* 83 N.M. 358, 492 P.2d 140 (1971). Subsequent purchasers are charged with such notice. *Id.*

■ NMSA 1978, Section 14-9-3 provides in pertinent part that an unrecorded instrument shall not affect the rights or title to property of a purchaser without knowledge of the unrecorded instrument. This statute protects "innocent purchasers for value without notice of unrecorded instruments who have invested money in property." *Jeffers v. Doel,* 99 N.M. 351, 353, 658 P.2d 426, 428 (1982). It is considered a "notice" recording statute. *See* IV *American Law of Property* § 17.5 (A. Casner ed. 1952). To prevail over a subsequent purchaser under this type of statute, an owner of an interest in real property must record before the acquisition of a conflicting interest in the same property by the subsequent purchaser. Note, *Real Property—The Colorado Recording Act: Race-Notice or Pure Notice?,* 51 Den.L.J. 115 (1974).

■ Angle did record her interest prior to the Slaytons' acquisition of the lease by quitclaim deed. The Shell to Angle assignment was correctly recorded with the county clerk of Chaves County. Angle, therefore, did all that was required by statute to protect her interest. As subsequent purchasers, the Slaytons are deemed to have constructive notice of duly recorded instruments concerning the property and can find no protection in the recording laws. *See Romero v. Sanchez.*

We recognize that in situations such as this, the record title search may be difficult and the usual search methods inadequate. The statutes, however, are clear. There is no requirement that an instrument be recorded within a particular period of time. The order in which deeds appear on the record is not important in a notice jurisdiction. *White v. McGregor,* 92 Tex. 556, 50 S.W. 564 (1899). An instrument, recorded according to the terms of the recording statutes, should not be transformed into

the equivalent of an unrecorded instrument.

The trial court was correct in determining that the Slaytons had constructive notice of the Shell to Angle assignment, since it was properly recorded prior to the Slaytons' acquisition of their interest. The Court of Appeals is reversed, and the trial court's summary judgment in favor of Angle is affirmed.

IT IS SO ORDERED.

SOSA, Senior Justice, and RIORDAN, STOWERS and WALTERS, JJ., concur.