**In re Louise W. HICKSON and Louis W. Hickson, S.S. # H–261–96–8435, S.S. # W–265–84–1807, Debtors.**

**Bankruptcy No. 85–00814–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

June 5, 1985.

Robert L. Roth, Miami, Fla., trustee.

## OPINION AND ORDER CONFIRMING CHAPTER 13 PLAN

A. JAY CRISTOL, Bankruptcy Judge.

This case came before the Court on May 23, 1985 for confirmation of the debtors' proposed Chapter 13 plan. The debtors and the Trustee appeared at the confirmation hearing. Despite notice of the proceeding, there was no appearance by the secured creditors. There are no unsecured creditors.

### FACTS

On April 17, 1985, the debtors filed their petition for relief under Chapter 13 of the United States Bankruptcy Code (11 U.S.C. § 1301, et seq.).

In their plan the debtors propose, pursuant to 11 U.S.C. § 1322(b)(3) and (5), to cure, over a period of twenty-five (25) months, their forty-four hundred ($4,400.00) dollar first mortgage arrearage and their nineteen hundred fifty ($1,950.00) dollar second mortgage arrearage. The debtors propose to make the regular monthly mortgage payments within the plan together with all applicable fees and costs on both the arrearage payments and the regular monthly payments. The total monthly payment by the debtors to the Trustee in accordance with their proposed plan is eight hundred ($800.00) dollars per month. It appears from the debtors' budget and schedules that this is substantially all the debtors' available income after allowance is made for their regular monthly expenses.

The husband has been employed at his present job for over five (5) years. The wife is a housewife and the debtors have seven (7) children. The secured debts, which the debtors are proposing to cure, relate to mortgages on their house, in which they have resided since 1977. The testimony reflects that there is substantial equity on behalf of the debtors in that residence. The testimony and evidence presented by the debtors also demonstrated that the reason for the arrearages in the mortgages relates to an illness of the mother of one of the debtors which resulted in substantial hospital bills prior to the mother's death. Additionally, one of the children of the debtors was an innocent victim in a drunk driving accident which left him critically injured resulting in further substantial hospital bills which were also the responsibility of these debtors. Because of these unforeseen illnesses, the debtors fell behind in their mortgage payments.

The Court has been advised that the normal curing period allowed by the Courts in this District for the curing of mortgage arrearages pursuant to a Chapter 13 plan is no longer than twelve (12) months without the existence of unusual circumstances

and the specific approval of the secured creditors to be affected by the plan. The debtors concede that they would be unable to cure their mortgage arrearages in less than twenty-five (25) months.

## ISSUE

Whether twenty-five (25) months is a reasonable time within which to cure a default on a loan secured by a mortgage lien on the debtors' residence?

## DISCUSSION AND CONCLUSION

The question of what is a "reasonable time" to cure a default under 11 U.S.C. § 1322(b)(5) is not addressed by the Bankruptcy Code. The legislative history provides no further assistance. See H.R. Rep. No. 95–595, 9th Cong., 1st Sess. 429 (1977); S.Rep. No. 95–989, 9th Cong., 2d Sess. 141 (1978), U.S.Code Cong. & Admin. News 1978, p. 5787. The determination of what is a "reasonable time" under § 1322(b)(5) is, therefore, left to the discretion of the Court. In the exercise of this discretion, a "reasonable time" under § 1322(b)(5) is a question to be decided based upon the facts and equities present in each case. *In re LYNCH*, 12 B.R. 533 (Bankr.W.D.Wis.1981); *In re ACEVEDO, JR.*, 9 B.R. 852 (Bankr.E.D.N.Y.1981); *In re COLEMAN*, 2 B.R. 348 (Bankr.W.D.Ky. 1980); *In re KING*, 7 B.R. 110 (Bankr.S.D. Cal.1980).

The factors to be considered by the Court in making its case by case determination of reasonableness with respect to the proposed curing of a default under § 1322(b)(5) should include: (1) the amount and reason for the arrearage; (2) the availability of the debtors' discretionary income to cure the default; (3) whether the debtors are putting forth their best effort to cure the default; (4) the ability of the debtors to meet the obligations of their plan and to continue current payments on their installment obligations. See *In re LYNCH*, supra; *In re ACEVEDO*, supra.

In the instant case, the debtors are applying all of their available income to the curing of the arrearages on these mortgages. These mortgages, which are their only debts, are secured by a home for themselves and their seven (7) children. It appears from the evidence presented that the arrearages accrued because of completely unforeseen circumstances. The debtors did not divert their available funds for other unnecessary expenditures but were beset by various illnesses and injuries to family members. Presently, the debtors appear to have the ability to meet the obligations of the proposed plan.

Based upon the foregoing factors and the Trustee's recommendation, the Court finds that twenty-five (25) months is a reasonable time within which to cure the arrearages on the mortgages secured by liens on the debtors' residence. In all other respects, the debtors' plan meets the requirements of 11 U.S.C. § 1325 and should be confirmed.

Accordingly, it is

ORDERED and adjudged that confirmation of the debtors' proposed Chapter 13 plan as outlined in this Opinion and Order be, and the same is hereby, granted and the debtors' Chapter 13 plan is hereby confirmed.