758 P.2d 801

**CAMINO REAL ENTERPRISES, INC., a New Mexico corporation, Plaintiff–Appellant,**

**v.**

**Ricardo ORTEGA, and Elizabeth E. Ortega, his wife, and James R. Patton and Lova Belle Patton, his wife, Defendants–Appellees.**

**No. 17273.**

Supreme Court of New Mexico.

Aug. 9, 1988.

Martin, Cresswell, Hubert, Hernandez & Roggow, Charles W. Cresswell, Las Cruces, for plaintiff-appellant.

Weinbrenner, Richards, Paulowsky & Sandenaw, Thomas A. Sandenaw, Jr., David McNeill, Jr., Fred Schiller, Las Cruces, for defendants-appellees Ortega.

William F. Webber, Las Cruces, for defendants-appellees Patton.

OPINION

SCARBOROUGH, Chief Justice.

Plaintiff subdivider, Camino Real Enterprises, Inc. (Camino) appeals the judgment rendered in favor of defendants purchasers, Ricardo and Elizabeth Ortega, on an action for breach of an improvement agreement that provided for payment of a pro rata share of the cost of improvements in the Majestic Hills subdivision in Las Cruces, New Mexico. The Ortegas purchased Lot 3, Block 15 (Lot 3) in the subdivision in June 1985. The common grantor subdivider/owner was Roadrunner Enterprises,

Inc. (Roadrunner). Roadrunner sold the lot to Patton, who in turn sold to Pacheco, who sold to Hayes, who sold to the Ortegas. Roadrunner and Patton entered into the improvement agreement that was binding on the Pattons, their successors, and assigns and required them to reimburse Roadrunner for a pro rata share of the cost of any improvements made in the subdivision. Neither Roadrunner nor Patton recorded the improvement agreement. During the course of subsequent conveyances that ultimately led to the Ortega purchase of Lot 3, no reference was made in the deeds of conveyance to the improvement agreement. Roadrunner sold the remaining unsold lots, except for Lot 3, to subdivider Camino on January 1, 1975. The Roadrunner Patton improvement agreement was attached to the contract of sale and recorded on April 14, 1980.

Camino sued Patton and Ortega for recovery of damages for reimbursement of the pro rata cost of improvements placed upon Ortega's Lot by Camino based on the improvement agreement entered into between Roadrunner and Patton. Camino subsequently filed an amended complaint adding a count for unjust enrichment against Ortega. The district court decided the case in favor of Ortega and Patton. Camino appeals the judgment entered in favor of the Ortegas. We reverse.

Camino first argues that the district court erred as a matter of law in ruling that the recorded Roadrunner contract of sale which referred to the unrecorded improvement agreement was not in the Ortegas' chain of title. We agree. The trial court concluded that the Ortegas did not have constructive notice of the improvement agreement. New Mexico is a notice recording jurisdiction. *See* NMSA 1978, § 14-9-1. Recorded documents "shall be notice to all the world of the existence and contents of the instruments so recorded from the time of the recording." NMSA 1978, § 14-9-2. The issue in this case was whether Ortega was on inquiry notice and thereby bound by the terms of the improvement agreement entered into between Roadrunner and Patton. We hold that the Ortegas did have constructive notice of the improvement agreement and are bound by

it. We find support for this position in *Taylor v. Hanchett Oil Co.*, 37 N.M. 606, 27 P.2d 59 (1933). In *Taylor*, we held there was constructive notice when an unrecorded escrow agreement was referred to in a recorded deed. *Id.* at 609, 27 P.2d at 61. The Ortegas are bound by the terms of documents referred to and attached to the contract of sale from Roadrunner to Camino. The standard for knowledge, as announced in *Sawyer v. Barton*, 55 N.M. 479, 485–86, 236 P.2d 77, 81 (1951) is:

> where the facts brought to the knowledge of the intending purchaser are such that in the exercise of ordinary care he ought to inquire, but does not, and his failure to do so amounts to gross or culpable negligence, he will be charged with a knowledge of all the facts which the inquiry, pursued with reasonable diligence, would have revealed.

In this case, the recorded contract of sale with attachments from Roadrunner to Camino was located by the title company while it was conducting a title search for Ortega. However, the title company simply did not read all the attachments which would have included the recorded improvement agreement.

Camino next argues that the trial court erred as a matter of law in ruling that Camino could not recover damages under a theory of unjust enrichment because it failed to follow conditions precedent as set forth in the improvement agreement between Roadrunner and Patton. Because we have reversed the trial court on the breach of contract issue, we do not reach this issue.

The decision of the trial court is reversed and remanded with instructions to enter a judgment for the cost of improvements pursuant to the improvement agreement in favor of Camino.

IT IS SO ORDERED.

SOSA, Senior Justice, and WALTERS, J., concur.