In re Shirley Iris RANDOLPH Debtor.

**FLEET FINANCE, INC.**

v.

Shirley Iris RANDOLPH and Sylvia Ford Drayton, Chapter 13 Trustee.

Bankruptcy No. 88–11396.

United States Bankruptcy Court,
S.D. Georgia,
Augusta Division.

Aug. 7, 1989.

C. Stanley Lowery, Martinez, Ga., for debtor.

H. Douglas Hanks, Savannah, Ga., for Sylvia Ford Drayton Chapter 13 Trustee.

Havely M. Allgood, John E. Tomlinson, P.C., Stone Mountain, Ga., for Fleet Finance.

Terrance P. Leiden, Augusta, Ga., amicus curiae in support of Chapter 13 Trustee.

## ORDER

JOHN S. DALIS, Bankruptcy Judge.

Fleet Finance, Inc. (Fleet), a creditor holding secured claims in this Chapter 13 proceeding, objects to the confirmation of the proposed plan of debtor, Shirley Iris Randolph. Based upon the evidence submitted, debtor's petition and schedules, arguments of counsel and briefs submitted, this court makes the following findings of fact and conclusions of law:

On November 3, 1988, the debtor filed her petition under Chapter 13 of Title 11 United States Code.

The proposed plan calls for payments of Thirty and No/100 ($30.00) Dollars weekly to the Chapter 13 trustee to pay all claims in full. The proposed plan also provided that the debtor would make regular post-petition payments as they become due to creditors holding a security interest in debtor's residence with pre-petition arrearages to be paid through distributions by the Chapter 13 trustee. The proposed plan does not specify the time period or amount of distribution on a monthly basis on the pre-petition real estate secured arrearage claims.

According to the proposed plan, schedules of the debtor and allowed claims, there are two creditors holding a security interest in the debtor's residence. Mortgage First Corporation, as holder of the first outstanding security deed, has filed a pre-petition payment arrearage claim in the amount of One Thousand Five Hundred Seventy–Two and 56/100 ($1,572.56) Dollars which is designated claim No. 003 by the Chapter 13 trustee. Fleet is the holder of two claims. One claim, which the Chapter 13 trustee has enumerated claim No. 006, in the amount of One Thousand Seven Hundred Eighty and 26/100 ($1,780.26)

Dollars, is a purchase money, personal property, secured claim. Claim No. 005 in the amount of Two Hundred Seventy and 96/100 ($270.96) Dollars represents pre-petition real estate security deed payment arrearages on a second outstanding security deed. The monthly payment due Fleet on its real estate secured loan is One Hundred Twenty–Six and 03/100 ($126.03) Dollars per month, and claim No. 005 represents slightly more than two (2) months of pre-petition payment arrearages. The current monthly payment due Mortgage First Corporation is Five Hundred Eleven and 42/100 ($511.42) Dollars and claim No. 003 represents slightly more than three (3) months of pre-petition payment arrearages.

As the debtor's proposed plan does not designate a specific payment or time period for payment of the pre-petition arrearage (claims No. 003 and 005), the policy of the Chapter 13 trustee under such circumstances is to distribute pro rata to such pre-petition real estate secured payment arrearage creditors sums received from the debtor after the payment of all priority and administrative expenses and all other allowed secured claims.

At the close of the hearing, the court directed the Chapter 13 trustee to submit an analysis of the payment schedule to creditors under this plan in accordance with the trustee's proposed scheme of distribution. Under the trustee's proposed distribution, the payment of Fleet claim No. 005 for pre-petition arrearage would begin following confirmation with the eleventh monthly distribution by the Chapter 13 trustee and be completed with the thirty-fifth monthly distribution. This length of time to cure a small pre-petition arrearage is necessary because of the substantially larger allowed pre-petition arrearage claim of Mortgage First Corporation to be paid along with Fleet's claim. Mortgage First Corporation did not object to confirmation. According to the trustee, all claims will be paid in full in forty-seven months. Fleet objects to the Chapter 13 trustee's proposed scheme of distribution as not complying with 11 U.S.C. § 1322(b)(5) which authorizes the curing within a reasonable time of any default to a creditor secured solely by a security interest in real property that is the debtor's principal residence. Resolution of the objection turns upon the effect to be placed by this court on "reasonable time" in 11 U.S.C. § 1322(b)(5).

This court is urged to adopt what Fleet alleges to be the standing rule in the United States Bankruptcy Court for the Northern District of Georgia, which rule according to Fleet states: Barring a determination by the court that there are circumstances warranting a longer pay out, "reasonable time" under § 1322(b)(5) is defined to be not in excess of 20 months. Fleet also urges a determination that the scheme of distribution of the Chapter 13 trustee is per se a violation of § 1322(b)(5). Fleet cited no published authority from the Northern District to support the 20–month rule, but in support of this rule urges this court to accept the view that 11 U.S.C. § 1322(b)(5) proposes a more stringent standard than the authorized life of a plan, generally three years, to cure arrearages on a loan. *See In re: Brooks,* 51 B.R. 741 (Bankr.S.D.Fla.1985). Examples of courts following this "more stringent standard" in establishing a reasonable time to cure pre-petition arrearages under § 1322(b)(5) are: *In re: Smith,* 19 B.R. 592 (Bankr.S.D.Ga. 1982) (14–month period is reasonable time to cure arrearages); *In re: Hailey,* 17 B.R. 167 (Bankr.S.D.Fla.1982) (a period of more than 12 months is not a reasonable time to cure arrearages). This court does not prescribe to that view.

■ "Reasonable time" under § 1322(b)(5) is a flexible concept. Whether a proposal to cure an arrearage is reasonable must be determined in each individual Chapter 13 case coming before this court for confirmation after considering each debtor's circumstances, and the court, using its discretion, must determine whether the plan as proposed meets the requirements for confirmation, including the plan content requirements of § 1322(b)(5). *See, In re: Hickson,* 52 B.R. 11 (Bankr.S.D.Fla. 1985); *In re: Saylors,* 869 F.2d 1434 (11th Cir.1989). Nothing in the legislative history of § 1322(b)(5) suggests that the cure of the default is restricted to a time less than

the period of the plan. *In re: King,* 23 B.R. 779 (BAP 9th Cir.1982).

While the *Saylors* decision cited above does not address the issue presented in this case, the facts and outcome are helpful. The circuit court reversed the decision of the district court and reinstated the order of the bankruptcy court confirming a Chapter 13 plan. The debtor had filed a Chapter 13 proceeding six (6) days prior to the entry of the final report of the trustee and closing of a prior Chapter 7 case and one day after the holder of a real estate secured claim had obtained relief from stay in the Chapter 7 case. The only debt listed in the Chapter 13 proceeding was the pre-Chapter 13 filing payment arrearage due on a real estate mortgage covering the debtor's residence. All debts, including the debt due that mortgage holder, were discharged in the Chapter 7 case. The approved Chapter 13 plan proposed to pay the trustee $83.00 per month until the mortgage arrearage was satisfied. The bankruptcy court's confirmation order incorporated that proposal and added a requirement that the regular monthly payment to the mortgage holder be paid directly by the debtor. The amount to be paid through the Chapter 13 trustee was the pre-petition arrearage of $2,676.50, payable at a rate of $83.00 per month, which would take 33 months to be paid. This calculation does not take into consideration attorney's fees, court costs or trustee's commission which would extend the actual pay back period. Apparently, the bankruptcy and circuit courts believed that this repayment period met the plan criteria requirements of § 1322(b)(5) without any showing by the debtor of circumstances warranting a longer than 20–month payout. An arbitrary cut off of 20 months in establishing reasonableness under § 1322(b)(5) is not appropriate.

The scheme of distribution utilized by the Chapter 13 trustee in cases involving pre-petition payment claims secured by a security interest in the debtor's principal residence when the proposed plan of the debtor does not specify a timetable for curing the pre-petition arrearage treats all secured creditors fairly. The creditors holding non-real estate secured claims paid through the Chapter 13 trustee receive a monthly pro rata distribution of their contracted monthly payment, and the post-petition monthly payment on the claim secured by residential real estate is paid directly by the debtor in full in compliance with the provisions of § 1322(b)(2). While consideration of the relative equities as among various classes of creditors might be a factor in evaluating the reasonableness of the time for cure of a default, nothing in the Bankruptcy Code requires absolute equality in time of payment for all categories and classes of creditors. *In re: King, supra.*

■ This scheme of distribution under these circumstances wherein the pre-petition real estate arrearage is to be cured during the pendency of the Chapter 13 plan from regular periodic payments made by the debtor to the Chapter 13 trustee after the payment of non-real estate secured claims while post-petition payments to the real estate secured creditors are made directly as they come due by the debtor provides for curing of arrearages within a reasonable time in accordance with § 1322(b)(5). The objection of Fleet is overruled. The proposed plan of the debtor meets the confirmation criteria of § 1325 and order of confirmation will issue.