**In re G.M. ATKINSON and Vivian Atkinson, Debtors.**

**In re E.D. ATKINSON, Debtor.**

**Bankruptcy Nos. 286–20497–11, 286–20499–11.**

United States Bankruptcy Court,
N.D. Texas,
Amarillo Division.

May 3, 1991.

**714**

Robin Green, Lubbock, Tex., for Russ.

---

1. Jim Clements is the Trustee in the G.M. Atkinson and Vivian Atkinson case and Mary Frances

O.M. Calhoun, Hinkle, Cox, Eaton, Cofield & Hensley, Amarillo, Tex., for the Trustees.

## MEMORANDUM OF OPINION ON CLAIM OF PHILIP R. RUSS

JOHN C. AKARD, Bankruptcy Judge.

The Bankruptcy Trustees [1] in the captioned cases objected to a secured claim filed by Philip R. Russ (Russ) for the following reasons:

A. That the applicable statute of limitations barred Russ from exercising his claim on a note and mortgage executed by the Debtors. The court finds that Russ may pursue his claim on the mortgage in this bankruptcy proceeding.

B. That a portion of the mortgage securing the promissory note forming the basis of Russ' claim erroneously described the Debtors' property and, therefore, was void as against the Trustees who occupy the position of a bona fide purchaser. The court concludes that Russ' claim to the erroneously described tract should be denied.

C. That since the mortgage was signed by Lazy Le Cattle Company; G.M. Atkinson, partner; and E.D. Atkinson, partner, but the property was owned by G.M. Atkinson and E.D. Atkinson, as individuals, the conveyance was not effective notice to a subsequent bona fide purchaser. The court finds that a bona fide purchaser would have had constructive notice of the mortgage.

The Trustee's objection to Russ' claim under the mortgage is, therefore, overruled except as to the erroneously described tract.

### FACTS

On May 2, 1984, G.M. Atkinson, E.D. Atkinson, and Vivian Atkinson executed a $400,000.00 promissory note payable to Russ for attorney's fees and expenses for prosecution of claims against Anadarko

Dorsey is the Trustee in the E.D. Atkinson case.

National Bank. The note was secured by a mortgage on a number of tracts of land in Union County, New Mexico, commonly known as the McCarley Place and the Robinson Place. "Lazy Le Cattle Company, a/k/a Atkinson Cattle Company, a partnership composed of E.D. Atkinson and Gene Malcolm Atkinson" granted the mortgage. The mortgage was filed for record on May 4, 1984. E.D. Atkinson and G.M. Atkinson, individually, owned the land in question.

On October 6, 1986 the Atkinsons filed for protection under Chapter 11 of the Bankruptcy Code. Russ represented the Atkinsons in their bankruptcy proceedings. The Debtors' schedules listed Russ' claim as contingent and undetermined at time of filing. The bar date for claims was March 9, 1987. On September 1, 1988, the court ordered a trustee appointed in each bankruptcy estate. The Trustees filed a liquidating plan for each Debtor.

On August 9, 1989, Connie McCarley, the first lienholder on the McCarley Place, obtained relief from the Automatic Stay. The court later issued an "Order Clarifying Lift of Stay" which stated that both McCarley and Russ were authorized to foreclose their liens on the McCarley Place. Subsequently the McCarley mortgage was conveyed to Loren F. Leighton. In 1989, Leighton and Russ instituted judicial foreclosure proceedings in New Mexico against the Debtors and the McCarley Place. The Trustees were not parties to this suit. On July 30, 1990, the New Mexico court entered a judgment and decree of foreclosure against the Debtors and the property, and ordered the property sold with proceeds to be applied to the court costs and the mortgages. The McCarley Place sold on September 10, 1990.

On August 20, 1990, Russ filed a secured claim with the bankruptcy court for $440,000.00, including $40,000.00 in interest, on the judgment and the mortgage. Russ amended his claim on December 26, 1990 to reflect a credit of $176,500.00 (which he received from the sale of the McCarley Place) reducing the balance of his claim to $263,500.00.

Pursuant to this court's order the Trustees sold the 1120 acre Robinson Place for $100,800.00 ($90.00 per acre) on October 29, 1990. The Trustees paid $54,277.44 to satisfy the first lien on the property. Expenses of the sale totaled $13,665.48. Russ seeks to enforce his claim as a lien on the $32,857.08 balance of the proceeds of the Robinson Place sale. Russ does not seek to enforce any unsecured portion of his claim.

## Discussion

### Statute of Limitations

The Trustees argue that since the promissory note was payable on demand, the statute of limitations began to run on the date of the note and, therefore, the statute of limitations expired prior to Russ filing his claim or exercising any other right under the note or mortgage. Thus, he could no longer enforce the note and mortgage.

New Mexico provides a six year statute of limitations on prosecution of a promissory note. N.M.Stat.Ann. S37-1-3 (1978). New Mexico also subscribes to the majority rule that the statute of limitations on a promissory note payable on demand begins to run from the date of the note's execution. *Schoonover v. Caudill*, 65 N.M. 335, 336, 337 P.2d 402, 403 (1959).

The Debtors executed the promissory note on May 2, 1984. The terms of the note required payment "on demand and if no demand is made then ... thirty days following the conclusion of Atkinson litigation...." Applying the New Mexico statute of limitations, Russ' cause of action on the note expired on May 2, 1990. Although Russ filed his claim on August 20, 1990, he began foreclosure action on the McCarley Place in 1989. The New Mexico court granted a judgment and decree of foreclosure as to the McCarley Place on July 30, 1990. Russ' lift of stay under the August 3, 1989 order and authorization to proceed in this foreclosure action were clarified by this court's order on October 31, 1990. Therefore, Russ commenced action on the note, or at least on the McCarley Place, prior to expiration of the statute of limitations on May 2, 1990.

■ Some confusion exists as to whether the New Mexico state court was authorized to render judgment in favor of Russ on the entire note. The relief from stay and clarifying order only authorized Leighton and Russ to accelerate the indebtedness owed and to foreclose on the McCarley Place. Consequently, the New Mexico court may not have been authorized to proceed to judgment on the entire balance of the note. Therefore, the New Mexico action may not have been sufficient to toll the statute of limitations on enforcing the entire balance of the note.

To the extent that the New Mexico order does not toll the statute of limitations, Bankruptcy Code § 108(c) applies to extend the statute of limitations.[2] *See In re Martin–Trigona,* 763 F.2d 503, 506 (2nd Cir. 1985). Section 108(c) states:

[I]f applicable nonbankruptcy law ... fixes a period for commencing ... a civil action in a court other than a bankruptcy court on a claim against the debtor ... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period ... or

(2) 30 days after notice of the termination or expiration of the stay under section 362

....

Section 362(c)(2) states that unless the stay is terminated by court order, the stay ... continues until the earliest of—

(A) the time the case is closed;

(B) the time the case is dismissed ...

The Debtors' bankruptcy cases were not closed or dismissed. Russ did not seek relief from the stay with respect to the Robinson Place. Therefore, under § 108(c)(2), the statute of limitations on Russ' enforcement of the note has not expired.

Since Russ' right to enforce the note and the mortgage has not expired under either scenario, the Trustees' objection to the proof of claim based on the expiration of the statute of limitations is overruled.

### Erroneous Legal Description

The mortgage securing the promissory note payable to Russ conveyed a tract of land described as the:

South Half of the Northeast Quarter (S/2 NE/4) and South Half of the South Half (S/2 S/2) of Section Twenty–Seven (27), Township Twenty-five (25) North, *Range Thirty-four (34) East,* N.M.P.M., Union County, New Mexico. (emphasis added).

Supposedly this tract consisted of 240 acres out of the Robinson Place. The Trustees claimed that the mortgage on this tract is an invalid lien because the correct description of the property is "... Section Twenty-seven (27), Township Twenty-five (25) North, *Range Thirty-five (35) East....*" (emphasis added).

■ New Mexico requires that a mortgage describe the land to be conveyed with such particularity as to render the land capable of identification. *Komadina v. Edmondson,* 81 N.M. 467, 469, 468 P.2d 632, 634 (1970). Otherwise the mortgage is absolutely ineffectual. *Id.*

An erroneous legal description may be reformed if there has been a mutual mistake or a mistake by one party accompanied by fraud or other inequitable conduct by the other party. *Wright v. Brem,* 81 N.M. 410, 411, 467 P.2d 736, 737 (1970); *Morris v. Merchant,* 77 N.M. 411, 415, 423 P.2d 606, 608 (1967). However, the reformation of a legal description in a mortgage will not be allowed as against a subsequent bona fide purchaser of the land. *Kimberly, Inc. v. Hays,* 88 N.M. 140, 144, 537 P.2d 1402, 1406 (1975).

■ Under § 544(a)(3), the Trustees have the rights and powers of a bona fide purchaser of real property as of the time of the commencement of the case. Consequently, these Trustees are treated as having the rights of a bona fide purchaser of

---

**2.** The Bankruptcy Code is 11 U.S.C. § 101 *et seq.* References to section numbers are references to sections in the Bankruptcy Code.

the disputed tract and may avoid any subsequent attempts to reform the erroneous description. Therefore, Russ' claim on the erroneously described 240 acres of the Robinson Place is denied.

### Mortgage Effectiveness Against Bona Fide Purchaser

New Mexico is a notice recording state, and a recorded document is notice to "all the world" of the instrument and contents of the recorded document from the time of its recording. N.M.Stat.Ann. SS 14–9–1 and 14–9–2 (1978). *Camino Real Enterprises, Inc. v. Ortega*, 107 N.M. 387, 388, 758 P.2d 801, 802 (1988). These statutes are designed to protect persons who have subsequent dealings with the property and provide notice to those persons who are bound to search the record. *Romero v. Sanchez*, 83 N.M. 358, 362, 492 P.2d 140, 144 (1971). Those bound to search the record are placed on constructive notice of the facts contained within the recorded instrument, and subsequent purchasers are charged with such notice. *Angle v. Slayton*, 102 N.M. 521, 523, 697 P.2d 940, 942 (1985).

■ A subsequent purchaser is placed on constructive notice of the contents of a document if he should have inquired into the contents of the document. *Camino Real Enterprises, Inc., supra*, 107 N.M. at 388, 758 P.2d at 802. A person is placed on inquiry and charged with a knowledge of the facts contained within a document when "circumstances are such that a reasonably prudent person should make inquiries." *Germany v. Murdock*, 99 N.M. 679, 681, 662 P.2d 1346, 1348 (1983).

■ Each partner's name is stated on the mortgage and both signed the mortgage as a partner.[3] The mortgage described the property the Atkinsons owned in their individual capacities, except for the one erroneously described tract. The court finds that the mortgage is sufficient to place a reasonably prudent purchaser on inquiry as to its contents. A subsequent bona fide purchaser would have constructive notice of the mortgage and would be bound by its contents. The court grants Russ' claim under the mortgage except to the extent of the erroneously described tract.

### Calculation of Amount Russ is to Receive From Sale of Robinson Place

■ The Trustees sold the 1120 acre Robinson Place for $100,800.00 and paid the first lien mortgage holder $54,277.44. The expenses of the sale were $13,665.48. Section 506(c) states "[t]he trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of ... disposing of, such property to the extent of any benefit to the holder of such claim." Russ benefitted from the Trustee's sale of the property. After subtracting the expenses of the sale the net proceeds available to satisfy inferior liens is $32,857.08 ($29.34 per acre). Since Russ is not entitled to the 240 acres due to the misdescription in the mortgage, he has a valid claim to only 880 acres. Therefore, Russ is entitled to receive $25,819.20 (880 acres × $29.34 per acre).

ORDER ACCORDINGLY.

---

3. The signature and acknowledgment recite G.M. Atkinson, rather than Gene Malcolm Atkinson as shown in the body of the mortgage.