This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**U.S. BANK, NA AS TRUSTEE**
**RELATING TO THE CHEVY CHASE**
**FUNDING LLC MORTGAGE BACKED**
**CERTIFICATES, SERIES 2005-3,**

     Plaintiff-Appellee,

v.                             **NO. 33,006**

**JAY MARTIN PAYNE,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

Vance Chavez and Associates, LLC
James A. Chavez
Albuquerque, NM

for Appellee

Jay Martin Payne
Santa Fe, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Defendant appeals the summary judgment entered in this foreclosure action. This Court proposed to affirm in a notice of proposed summary disposition, relying largely upon the fact that Defendant failed to dispute any of the material facts recited in Plaintiff's motion for summary judgment. [CN 2-5] As a result of that failure, this Court, like the district court, is required to treat the facts asserted in Plaintiff's motion for summary judgment as having been admitted by Defendant. *See* Rule 1-056(D)(2) NMRA (requiring that "material facts set forth in the statement of the moving party shall be deemed admitted unless specifically controverted" in a memorandum in opposition to the summary judgment motion). Because the facts so admitted established Plaintiff's entitlement to judgment as a matter of law, the district court properly granted the motion. Rule 1-056(C) NMRA.

{2}     Defendant has filed a "memorandum of objection" to our proposed disposition that does not address his failure to respond to Plaintiff's summary judgment motion. Instead, Defendant's memorandum of objection continues to argue that Plaintiff either lacked standing or committed some form of fraud in the prosecution of this case. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice has the burden of pointing out errors of law and fact, and the repetition of earlier arguments does not fulfill this

requirement). These arguments are based upon facts that have not been properly asserted or preserved in the record below. As a result, Defendant's arguments are not before this Court at this time. *See State v. Reynolds*, 1990-NMCA-122, ¶ 16, 111 N.M. 263, 804 P.2d 1082 (noting that "[m]atters outside the record present no issue for [appellate] review"). Further, many of the facts asserted by Defendant on appeal are contrary to those recited in Plaintiff's motion for summary judgment. As noted above and more fully explained in our notice of proposed summary disposition, however, both the district court and this Court are bound to accept as true the uncontroverted facts recited in Plaintiff's motion for summary judgment. [CN 4-5] Rule 1-056(D)(2). As also noted in our notice of proposed summary disposition, those facts include the recitation that the Plaintiff is the assignee of the mortgage at issue in this case and the holder in due course of the promissory note secured by that mortgage. [CN 5; RP 101-02] Further, these facts are supported by an affidavit filed with the motion for summary judgment. [RP 118-20] As the uncontroverted facts appear to establish the Plaintiff's standing in this case, we are unpersuaded by Defendant's memorandum that our proposed disposition is based upon any mistake of law or fact.

{3} Defendant has also filed with this Court a document styled a "praecipe," in which he asks that the clerk of court "[s]eal the instant case a private estate matter," and in which he seeks to exercise a peremptory election to excuse the calendaring

3

judge from this case. [3-28-14 MOT 2] At common law, the praecipe was a writ used to request some ministerial action of the court, such as the setting of a trial or the entry of a judgment. *Black's Law Dictionary* 1192 (7th ed. 1999). In New Mexico, the praecipe has survived principally as a means of requesting the preparation of a transcript for appeal. *See*, *e.g.*, *State v. Romero*, 1974-NMCA-090, ¶ 40, 86 N.M. 674, 526 P.2d 816 (Sutin, J., dissenting) (describing a defendant's praecipe requesting a transcript). In this instance, however, the relief requested in Defendant's praecipe is discretionary, rather than ministerial, and the authority to grant that relief is vested in the court, rather than the clerk. Thus, if treated as a traditional request for the writ of praecipe, Defendant's praecipe would have to be denied. Rather than deny on that basis, however, we will construe Defendant's praecipe as a motion filed pursuant to Rule 12-309 NMRA, in order that it may be addressed on the merits.

{4}     Although Defendant cites no authority for the proposition that this Court may seal records on appeal, procedures for the sealing of documents are governed by Rule 12-314 NMRA. Specifically, the grounds that must be established before this Court will seal records on appeal are described at Rule 12-314(G)(1). In his request, however, Defendant has asserted no basis for sealing any records apart from his general assertion that the case somehow involves "a private estate matter." [3-28-14

4

MOT 2] As that vague assertion does not overcome the right of public access to court records, Defendant's request to seal records in this appeal is denied.

{5} As authority for his attempt to excuse the calendaring judge from this case, Defendant cites to Rule 1-088.1 NMRA. [3-28-14 MOT 1] That rule, which provides for a peremptory excusal as contemplated by NMSA 1978 Section 38-3-9 (1985), does not require the movant to establish any cause for the excusal requested, but is applicable only in district courts and not this Court. *See* Rule 1-088.1(C) (providing method to "exercise the statutory right to excuse the district judge"). Defendant also asserts, however, that the calendaring judge in this case is biased against him, apparently for the purpose of establishing just cause for an excusal. [3-28-14 MOT 2, 3] Defendant's sole basis for asserting bias, however, is his disagreement with this Court's proposed summary disposition. [Id. 2]

{6} For obvious reasons, a litigant's disagreement with the rulings or holdings of a court cannot form the basis for a motion to excuse the judge. Instead, in order to justify an excusal on the basis of bias, the alleged bias "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United Nuclear Corp. v. General Atomic Co.*, 1980-NMSC-094, ¶ 418, 96 N.M. 155, 629 P.2d 231 (internal quotation marks and citation omitted). Or, as particularly relevant to this case, the bias

5

at issue "must be personal, and cannot be based on unfavorable rulings." *State v. Case*, 1984-NMSC-012, ¶ 7, 100 N.M. 714, 676 P.2d 241.

**{7}** Defendant's motion seeking excusal asserts, as its sole basis for alleging the bias of the calendaring judge, Defendant's own disagreement with the notice of proposed summary disposition. As a result, Defendant has alleged no recognized basis for a judicial excusal in this appeal, and the motion is denied.

**8}** Having considered the arguments asserted by Defendant in his memorandum, we remain unpersuaded that the judgment in this case resulted from error. Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the summary judgment entered by the district court. Defendant's requests that the record in this case be sealed and that the calendaring judge be excused are both denied.

**{9}** **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____

**MICHAEL D. BUSTAMANTE, Judge**